## HENRY *v.* CAMPBELL, clerk.

The ordinance of the City of Atlanta in regard to licensing persons who engage in or work at the business of plumbing provides that "No person, firm, or corporation engaged in or working at the business of plumbing shall engage in or work at said business in the City of Atlanta, either as master, employing, or journeyman plumber, unless such person, firm, or corporation first receives a license therefor, in accordance with the provisions of this ordinance. Any person desiring to work at or engage in the business of plumbing, either as master, employing, or journeyman plumber, in the City of Atlanta shall be required to submit to an examination before a board of examiners, as hereinafter provided, as to his experience and qualifications in such trade, business, or calling. In the case of a firm or corporation, the examination or licensing of any one member of a firm or the manager of the corporation shall satisfy the requirements of this ordinance." *Held,* (*a*) that this ordinance, in case of, a firm or corporation, where one member of the firm or the manager of the corporation has been licensed, permits others than the member or manager so licensed, by virtue of such license, to engage in or do the work of plumbing in the City of Atlanta without standing an examination as to fitness and obtaining a license, but does not permit a like privilege to persons other than those referred to in the two instances above stated. (*b*) The ordinance referred to is discriminatory in character, and is therefore unconstitutional.

Decided March 3, 1910.

Petition for mandamus. Before Judge Pendleton. Fulton superior court. April 28, 1909.

*William A. Fuller,* for plaintiff. *W. P. Hill, J. L. Mayson,* and *Dorsey, Brewster, Howell & Heyman,* for defendant.

HOLDEN, J. The relator made application for a writ of mandamus to compel W. J. Campbell, as clerk of the City of Atlanta, to issue him a license to do business as a plumber in the city. The petition made substantially the following allegations: Relator is now and has been for many years a resident and taxpayer of the county, and has been actually engaged in the business of plumbing in the City of Atlanta from the year 1877 to date. On or about January 1, 1909, he made application to such clerk for the license named, at the same time tendering the clerk the sum of $50, the amount of the license fee for a license from January 1, 1909, to June 30, 1909. The clerk refused to issue the license, on the ground that the relator had not obtained a permit from the board of plumbing examiners. Relator is a skilled and experienced plumber, in every way competent to do business as a plumber in the City of Atlanta, and is entitled to work as such. Relator attempted

to stand the plumbing examination held in December, 1908, but the examination was written, and as relator's education was limited he was unable to prepare such paper as would indicate his real competency and fitness.   He can stand any practical examination and do all the work that a plumber need do in a workmanlike manner, regardless of his inability to answer theoretical, technical, and catch questions such as are propounded in the examination given by the board of examiners.   The provisions of the ordinance regulating the issuing of licenses to plumbers, in addition to those quoted in the headnote of this decision, are as follows:

"There shall be in this city a board of examiners.   Such board shall consist of five members, of whom one shall be a master or employing plumber of not less than ten years experience as a practical plumber; one shall be a journeyman plumber of like experience; and the other members shall be the chief plumbing inspector, the city engineer, and the secretary of the board of health of this city.   The term of office for the master or employing plumber shall be two years, and for the journeyman one year.   The board of health shall appoint the master and journeyman plumbers, and their successors. Three members of the board shall have power to act.   All the members of the board shall subscribe to an oath before the mayor, to discharge their duties impartially, to the best of their ability, without fear or favor.   Said board of examiners shall, as soon as practicable after their appointment, meet and organize by the election of a chairman and secretary, and shall designate the time and place for the examination of all applicants desiring to engage in or work at the business of plumbing in this city.   All persons, firms, or corporations must be examined within sixty days after the passage of this ordinance.   Said board of examiners shall examine said applicants as to their practical knowledge of plumbing, house drainage, and plumbing ventilation, and if satisfied as to the competency of the applicants, shall issue a certificate to that effect.   Said certificate shall be signed by the secretary, who shall keep a record of them, and is valid until revoked by said board.   There shall be no compensation for the services performed by the members of said board, other than that now received under existing laws and ordinances.   Any person or persons violating any of the above sections of this ordinance shall be tried before the recorder's court of this city, and, on conviction, shall be subject to a fine of not exceeding

fifty dollars, or thirty days on the public works, either or both, in the discretion of the court, for each and every violation, and his certificate may be revoked by the board of examiners. All persons who shall engage in the business of plumbing and drain laying, or either, shall, before receiving a license therefor from the city, first receive a certificate from the board of plumbing examiners as provided above." Upon the hearing evidence was introduced in regard to the examination stood by the relator, and in regard to his fitness and competency as a plumber. The judge rendered the following decision: "The petition coming on for a trial, and the judge hearing same upon the issues formed by said petition, the amendment thereto, and the answer, without a jury, and argument being had, it is found and adjudged as follows: The provisions in the ordinance attached, requiring master plumbers, employing plumbers— such as firms and corporations—to stand the examination and pass as proficient plumbers and secure a certificate therefor, as set out in the ordinance, are void and non-enforceable,—that is to say, to do the business, not the work of plumbing. However, I hold that the plaintiff can not take advantage of this provision, because he has not applied for such license, nor is he a master or employing plumber. I further hold that said ordinance requires all plumbers, working at the trade, to stand and pass the examination required before they can undertake and do plumbing, unless he does the same under a competent and licensed plumber, as shown by his certificate, who superintends and supervises such work and workman, and, as so construed, such ordinance is constitutional and valid; and omitting the provision above held illegal, enough remains that is legal and enforceable to cover the case made by plaintiff, and, omitting such illegal part, the remainder of the ordinance is constitutional and is hereby upheld. Whereupon it is adjudged that the writ of mandamus be dismissed and quashed," and judgment is rendered for costs. To this decision the relator excepted.

One of the grounds of complaint made by relator is as follows: "Said ordinance is unconstitutional, because it is repugnant to article 1, section 1, paragraph 2, of the said constitution, as contained in section 5699 of the Code of 1895, which provides that 'protection to person and property is the paramount duty of government, and shall be impartial and complete,' in that said ordinance makes arbitrary and unjust discriminations between plumbers

and between individuals and firms or corporations; and in that said ordinance operates unequally, because it imposes the burden of an examination and license fee upon certain persons and exempts others of the same class pursuing the same business in the same way. Thus, said ordinance does not prohibit the doing of plumbing work, where the plumbing contract is held by a partnership or corporation, wholly by apprentices who have neither stood an examination nor obtained a permit; but at the same time requires a plumber who does not work for a partnership or corporation to stand an examination and obtain a permit, regardless of his experience or competency." Another ground is: "Said ordinance is unconstitutional, because repugnant to that part of the fourteenth amendment to the constitution of the United States, which provides: 'nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws,' in that said ordinance unreasonably interferes with the natural rights of the individual to labor and enjoy the fruits thereof; and in that said ordinance discriminates against the individual in favor of firms and corporations, both in regard to the manner and amount of taxation, and in respect to the requirements as to examination and obtaining said certificate, and thus imposes unequal burdens upon persons of the same class, and denies those persons not working for firms or corporations the equal protection of the laws." The first two sections of the ordinance attacked are as follows: "No person, firm, or corporation engaged in or working at the business of plumbing shall engage in or work at said business in the City of Atlanta, either as master, employing, or journeyman plumber, unless such person, firm, or corporation first receives a license therefor, in accordance with the provisions of this ordinance. Any person desiring to work at or engage in the business of plumbing, either as master, employing, or journeyman plumber in the City of Atlanta shall be required to submit to an examination before a board of examiners, as hereinafter provided, as to his experience and qualifications in such trade, business, or calling. In the case of a firm or corporation, the examination or licensing of any one member of a firm or the manager of the corporation shall satisfy the requirements of this ordinance." The remaining parts of the ordinance relate to the constitution of a board of examiners and the examina-

tion to be stood before such board, and provide for a certificate to be given by the board to those successfully standing the examination before a license is issued, and make penal any violation of the ordinance. The ordinance covers any firm, person, or corporation engaged in or working at the business of plumbing, and provides that such person, firm, or corporation shall, before doing so, receive a license therefor in accordance with the provisions of the ordinance. It further provides: "In the case of a firm or corporation, the licensing of any member of the firm or the manager of the corporation shall satisfy the requirements of this ordinance." This provision of the ordinance can have no meaning other than that when one member of a firm or the manager of a corporation shall successfully stand the examination before the board of examiners and obtain a license to engage in or work at the business of plumbing, at least any other member of the firm and the corporation, through officials other than the manager, can engage in or work at the business of plumbing without obtaining the license required by the ordinance. The ordinance relates to persons, firms, or corporations engaged in or working at the business of plumbing, and the provisions of the ordinance state that the examination or licensing of any one member of the firm or the manager of the corporation shall satisfy the requirements of the ordinance. If the licensing of one member of a firm, or the manager of a corporation, satisfies the requirements of the ordinance "in the case of a firm or corporation," there is nothing else to be done in order to entitle any other members of the firm and the officials of the corporation other than the manager, who have not obtained a license, to do plumbing work. Giving the ordinance this construction, the conclusion is inevitable that it is discriminatory, for the reason that under its provisions one who is not a member of a firm or corporation, before engaging in or working at the business of plumbing, would have to stand the examination and obtain the license; whereas one who is a member of a firm, and the corporation through officials other than the manager thereof, could engage in or work at the business of plumbing without having stood the examination or obtained a license, if some other member of the firm, or the manager of the corporation, in the case of a corporation, had stood the examination and obtained a license. In the case of State of Ohio *v.* Gardner, 58 O. 599 (41 L. R. A. 689, 65 Am. St. R. 785, 51 N. E. 136), it

was held: "But it is essential to the validity of an act undertaking to regulate the business [plumbing] that it shall, in its requirements, operate equally. That part of the act of April 21, 1896, entitled 'An act to promote the public health and regulate the sanitary construction of house drainage and plumbing,' which requires any plumber, whether master or employing plumber or journeyman, before engaging in the business, to undergo an examination as to fitness, and obtain a license, but permits all members of a firm to pursue the business where only one has procured such license, and all members of a corporation to pursue it where the manager only has procured such license, does not operate equally upon all of a class pursuing the calling under like circumstances, and is invalid." The act dealt with in that case had in it language almost identical with that contained in the ordinance with which we are dealing. It is stated in part as follows: "The 1st section of the act in question requires that every person, firm, or corporation, engaged in the business of plumbing, either as master or employing plumber or journeyman, shall first secure a license. The 2d section requires that any person desiring to engage in or work at the business of plumbing shall apply to the president of the board of health or other officer having jurisdiction in the locality where he intends to engage in or work at such business, and be examined as to his qualifications. But 'in case of a firm, or corporation, the examination and licensing of any one member of such firm, or the manager of such corporation, shall satisfy the requirements of this act.'"

In view of the ruling we have made, we deem it unnecessary to pass upon the other questions made by the record in this case. The ordinance being void, and there being no valid provision requiring a license for any one to engage in or work at the business of plumbing, the relator was not required to pay any license fee for engaging in or doing the work of plumbing within the city, nor did he need any license for this purpose. There being no valid ordinance prohibiting any one from engaging in or working at the business of plumbing in the City of Atlanta before obtaining a license, as far as disclosed by the record in this case, the relator had no right by mandamus to compel the issuance of such license, and the application therefor was properly refused, though not for the reasons stated by the learned judge in his decision.

*Judgment affirmed. All the Justices concur.*