8745

### BROOKS v. SOUTHERN RAILWAY.

CARRIER—FREIGHT—PENALTY.—The agent of the terminal carrier, who collects the freight for the connecting carrier on a shipment, a part of which he knows has been lost, and of which he notifies the connecting carrier, and who has before done this duty for this connecting carrier, is an agent of the connecting carrier under the terms of the statute providing a penalty for failure to adjust a loss of freight with whom the claim should be filed.

Before SHIPP, J., Abbeville, October term, 1913. Reversed.

Action by J. H. Brooks against Southern Railway Co., in court of magistrate J. C. Martin. From Circuit order reversing judgment of magistrate, plaintiff appeals.

*Mr. J. M. Nickles,* for appellant, cites: 85 S. C. 194.

*Mr. J. Moore Mars,* contra, cites: 71 S. C. 273.

March 16, 1914. The opinion of the Court was delivered by

MR. JUSTICE GAGE. The Circuit Court denied to the plaintiff a recovery of the penalty in certain cases inflicted by statute.

The plaintiff bought two sacks of sugar in Charleston; the sugar went over defendant's lines from Charleston to Donalds, and from Donalds, six miles to Due West, over the line of the Due West Railway Company.

One sack of the sugar was lost somewhere betwixt Charleston and Donalds.

The plaintiff made out his claim therefor, and filed it with M. G. Donald, the admitted agent of the Due West Railway Company at Due West.

There is no dispute about the lost sugar nor about the liability of the Southern Railway Company therefor, nor about the undue delay in paying therefor.

The only issue is, was a filing of the claim at Due West with M. G. Donald a compliance with the statute, in the light of the testimony?

The statute provides for "filing of such claim with the agent of such carrier at the point of destination of such shipment; (and) when there is no agent at such point, then such claim to be filed with the agent at the nearest station to such point of destination having an agent." Code of Laws, sec. 2573.

The bill of lading is not sent out in the record, nor is the waybill.

The point of destination of the sugar was not Donalds, but Due West. If the Southern Railway Company had an agent at Due West, the claim ought, under the statute, to have been filed with him.

If the Southern Railway Company had no agent at Due West, the claim ought, under the statute and the testimony, to have been filed at Donalds.

The man at Due West, called agent in common parlance, acts generally for the Due West Railway Company, and his name is Donald.

The man at Donalds, called agent in common parlance, acts generally for the Southern Railway Company, and his name is McMillan.

It is true Donald testified, "I am not the agent of the Southern Railway Company," and McMillan testified, "the Southern Railway Company has no agent at Due West."

If the opinion of these witnesses is conclusive of the mixed issue of law and fact about which they swear, that would end the controversy, and against the plaintiff.

But it is not conclusive.

If Donald collected at Due West the freight which the plaintiff owed the Southern Railway Company on two sacks of sugar; and if at that time one sack was short, then Donald was agent for the Southern about that matter, though he was also agent for the Due West Railway Company about other matters.

Donald saw one sack of sugar was missing; he saw the freight charges on two sacks collected; it was his business to see and to know, and to report the facts to the Southern carrier; he did report the facts to Hooper, to wit: the freight claim agent of the Southern.

Donald, therefore, did the very thing which the statute contemplated; he reported to the carrier which lost the sack the fact of the loss and the value of the sack.

And Donald also testified: "I adjust and pay claims against the Southern Railway Company for lost freight. The Southern Railway Company frequently furnishes me money with instructions to pay their claims."

It is plain, therefore, that Donald acted for the defendant about this loss, and about other like losses; and that constituted him "agent of such carrier at the point of destination."

See the case of *Harter* v. *R. R.,* 85 S. C. 194, 67 S. E. 290. It is possible that freight might be delivered at a destination where there was no agent at all; and in that event, the statute provides that the claim shall be filed with the agent at the nearest station thereto; but this is not such a transaction.

In our opinion the order of the Circuit Court must be reversed; and judgment must be entered below for the value of the lost sugar and the penalty as well.

It is so ordered.