MAYOR & ALDERMEN OF SAVANNAH *v.* GRANGER *et al.*

The general rule is that a court having equitable jurisdiction will not enjoin criminal prosecutions; and this rule is applicable to proceedings to punish for violations of municipal ordinances which are quasi criminal in their nature. The cases in which proceedings to enforce such ordinances will be enjoined are exceptional in character; and in order to successfully invoke that relief, a plaintiff must show sufficient grounds for equitable interference with the ordinary method of procedure for the enforcement of such an ordinance.

(*a*) In this case no reason was shown which would authorize a court of equitable jurisdiction to interfere by injunction to restrain the municipal authorities of the City of Savannah from proceeding to enforce its ordinance requiring a registration of automobiles using the public streets, and providing a fine or imprisonment for its violation. Nor is any reason shown why, if a proceeding should be begun to enforce such ordinance, the defendant could not obtain full relief, if entitled thereto, by setting up as a defense any contention that the ordinance and the acts of the legislature authorizing municipalities to pass such ordinances are unconstitutional.

August 15, 1916.

Injunction. Before Judge Charlton. Chatham superior court. July 3, 1915.

*John Rourke Jr., D. S. Atkinson, Warren Grice, Clifford Walker,* and *R. J. Travis,* for plaintiff in error.

*Oliver & Oliver* and *Samuel R. Dighton,* contra.

LUMPKIN, J. Granger and others filed their petition attacking the act of 1910 in regard to automobiles and like vehicles (Acts 1910, p. 90), and the amendatory act of 1913 (Acts 1913, p. 75), and the ordinance of the City of Savannah adopted thereunder, requiring registration in that city, as being unconstitutional and invalid. The ordinance provided that any person violating its provisions, upon conviction in the police court of Savannah, should be fined not exceeding $100, or imprisoned not exceeding thirty days. It was contended that the ordinance was dependent upon the legislative acts, and that the plaintiffs could not comply with it without having paid a State license fee or tax required by those acts. Numerous grounds of attack upon the validity of the acts and the ordinance were made. The reasons alleged for appealing to the equitable power of the court were as follows: "Your petitioners show that the Mayor and Aldermen of the City of Savannah, through the chief of police, and other police officers of the City of Savannah, are proceeding to enforce the said acts of the General

Assembly of the State of Georgia, and the said ordinance of the Mayor and Aldermen of the City of Savannah; and your petitioners are liable at any moment to be arrested and brought before the recorder's court of the City of Savannah for trial for not having complied with the terms and provisions of said acts and the said ordinance. Petitioners show, that they are without adequate remedy at law; that the enforcement of said acts and ordinance will cause them to incur damages, which are incapable of exact computation, and that said damages will be sustained unless immediate relief be afforded; that the injury about to be inflicted upon petitioners is irreparable in damages." The court granted an injunction as to the enforcement of certain sections of the acts and the ordinance. The defendant excepted.

The general rule is that a court of equity will not enjoin a criminal prosecution; and this rule is applicable to proceedings to punish for violations of municipal ordinances which are quasi criminal in their nature. The cases in which proceedings to enforce such ordinances will be enjoined are exceptional in character. *Georgia Railway & Electric Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296). Where an appeal is made to a court having equitable jurisdiction to enjoin the enforcement of a municipal ordinance by means of proceedings before a recorder's court, some reason authorizing equitable interference must be shown. Mere general allegations of the character of those made in this case are insufficient to show any reason for appealing to a court having equitable power. There was no allegation that the ordinance was being used to invade or destroy any property right, franchise, or civil right. Not even the usual allegation of danger or threats of numerous prosecutions was made. Indeed, it was not alleged that there had been any arrest at all, or that any prosecutions had been begun against the plaintiffs; or why, if a proceeding to enforce the ordinance should be commenced, the defendant could not set up in that proceeding his contention that the ordinance and the acts of the legislature requiring registration and payment of a license fee or tax was unconstitutional. Mere general allegations that the plaintiffs were without adequate remedy at law, and would be caused damages incapable of exact computation at law, were insufficient to authorize the interference with the **ordinary method** of enforcing penal ordinances or statutes.

Since this litigation was commenced, the act of November 30, 1915 (Acts 1915, Extraordinary Session, p. 107), has been enacted, which deals with the subject of the registration of motor-vehicles and motorcycles; and the question of the validity of the acts of 1910 and 1913 on that subject has become rather a polemic than a practical question.

Without entering into a discussion of the constitutionality of the acts of the legislature and the ordinance of Savannah, whether they are constitutional or unconstitutional, plaintiffs made out no case authorizing equitable relief. The grant of the injunction was accordingly error. *Judgment reversed. All the Justices concur.*