## FAIRVIEW CEMETERY COMPANY *et al. v.* WOOD *et al.*

1. Injunction will not be granted when the effect of the grant is to enjoin or destroy a supersedeas granted by statute, except under very peculiar circumstances, none of which exist in this case.
2. Applying the above rulings, the court erred in granting an interlocutory injunction in this case.

No. 5666.　APRIL 14, 1927.

Injunction. Before Judge Hutcheson. Fulton superior court. September 6, 1926.

Wood, Allen, and Hood filed their petition against Fairview Cemetery Company, W. H. Sutton, and L. H. Sluder, in which they made these allegations: In December, 1925, petitioners, for themselves and the public, filed a proceeding before two justices of the peace and before a jury of twelve freeholders, for the abatement of a nuisance, alleging that the defendants had established and were operating a cemetery known as Lincoln Memorial Park; that petitioners were owners of real estate adjoining said cemetery; that their homes were near by; and that they sustained special damage to their homes and property by reason of the establishment

Cemeteries, 11 C. J. p. 50, n. 12; p. 53, n. 42 New; p. 57, n. 24.
Nuisances, 29 Cyc. p. 1216, n. 86.

and maintenance of the cemetery. They prayed that it be abated, and that the bodies buried therein be removed. They complained that the defendants had established and were maintaining a nuisance which tends to the immediate annoyance of the citizens in general, is manifestly injurious to the public health and safety, and tends greatly to corrupt the manners and morals of the public; that the cemetery is located in Fulton County, in close proximity to the City of Atlanta, and was established and is being maintained without the permission of the board of commissioners of Fulton County, in whom was vested the power to determine whether or not a cemetery should be established within said county. Said proceeding was tried by two justices of the peace and a jury of twelve freeholders, on February 15, 1926. The jury returned a verdict finding that said cemetery was a nuisance, that all bodies buried therein should be removed, and said cemetery abated. A copy of said proceeding and verdict is attached as an exhibit to the petition. Upon such verdict a judgment was rendered by the two justices of the peace, declaring the cemetery to be a nuisance, ordering the defendants to abate said nuisance, to remove from the cemetery the dead bodies which had already been buried therein, to discontinue the burial of bodies of deceased negroes therein, to do no further act toward maintaining this cemetery; and ordering the sheriff to execute the same. The defendants in said proceeding presented to the superior court their petition for certiorari to review the verdict and judgment. The application for certiorari has been sanctioned by the judge of the superior court, and the writ of certiorari has issued. The effect of the sanction of the writ and its issuance operate in law as supersedeas of such verdict and judgment. By reason of said supersedeas, petitioners can not have said verdict and judgment enforced. Said verdict and judgment are still findings of fact and adjudications of law in said case, and are the law of said case until set aside by a court of competent jurisdiction. While defendants are protected from any enforcement of said verdict and judgment while their certiorari is pending, petitioners and others have no protection from further unlawful and unwarranted acts of the defendants. It is the openly declared purpose and intention of the defendants to take advantage of the supersedeas in this case, and to continue the burial of bodies

in said cemetery. If this is done, petitioners will sustain a loss that is incalculable, their property will be depreciated by the operation of said cemetery, and their property will be injured without possibility of compensation. Petitioners prayed that the defendants be enjoined from burying any additional bodies in said cemetery until said certiorari case is disposed of.

The defendants demurred to the petition, upon the grounds: (a) that it states no cause of action; (b) that the facts alleged do not authorize the relief prayed, or any relief, equitable or legal; (c) that the grounds of relief prayed are based upon the existence of a supersedeas in their favor to a judgment in favor of the plaintiffs, and such supersedeas is a plain result of the law and demanded by the statute governing such conditions; (d) that said petition prays only for the preservation of the status quo till hearing on the certiorari can be had, and said certiorari is ripe for hearing, so that said proceeding is functus, unnecessary and useless; (e) that petitioners are estopped by the law of election of forum, they having prior to the filing of this petition instituted a proceeding for the abatement of a nuisance, which is now pending, and under which the defendants are exercising their plain statutory rights; and (f) that said petition is based on the theory that the judgment in the abatement proceeding is res adjudicata, whereas said petition shows the contrary. The defendants filed their answer in which they admitted the material allegations of the petition, either by express admission or by failure to answer certain allegations. They further set up that all matters involved had been adjudicated against the petitioners in the case of Atlanta Child's Home v. Hallman, trustee, et al., and in their favor by the Supreme Court. The application for injunction was submitted to the presiding judge upon the verified petition and answer and a demurrer, without the introduction of any further evidence. He granted the injunction as prayed. To this judgment the defendants excepted upon the ground that it is contrary to law and to equity, and an abuse of discretion of the judge.

*Paul S. Etheridge* and *Colquitt & Conyers,* for plaintiffs in error.

*Key, McClelland & McClelland,* contra.

HINES, J. (After stating the foregoing facts.) We think that the court erred in granting an interlocutory injunction in this case. The plaintiffs had obtained, in a proceeding brought under the Civil Code (1910), § 5329, a judgment declaring a cemetery a nuisance, and a very drastic order abating the same. The defendants applied for and obtained a certiorari to review this judgment, and thus obtained a supersedeas of the judgment. The effect of the supersedeas is to prevent the enforcement of this judgment in toto. So it prevents the enforcement of that portion of the judgment which enjoins the defendants from making additional burials in this cemetery. The effect of a supersedeas can not be enjoined or destroyed by injunction. Burns v. Sander-son, 13 Fla. 381; 32 C. J. 112, § 130. Certainly no injunction should be granted pendente lite, when the effect thereof will be to destroy the right of supersedeas granted by our statute, unless under very peculiar circumstances, none of which existed in this case. Especially should no restraining order have been granted in this case, in view of the ruling of this court in which it was held that the operation and maintenance of this cemetery was not a nuisance. *Hallman* v. *Atlanta Child's Home,* 161 *Ga.* 247 (130 S. E. 814).

*Judgment reversed. All the Justices concur.*