FLINT *et al. v.* CITY COUNCIL OF AUGUSTA *et al.*

No. 13642.    MAY 15, 1941.    REHEARING DENIED JUNE 14, 1941.

*Fleming & Fleming,* for plaintiffs.

*C. Wesley Killebrew* and *W. Inman Curry,* for defendants.

BELL, Justice.   In their petition as amended the plaintiffs alleged, that they were registered and licensed barbers engaged in business as such in the City of Augusta; that in April, 1940, the city council passed an ordinance fixing hours of work, minimum prices for service, and otherwise regulating such business in the city; that the ordinance created a "city barber board" to administer its provisions; and that on June 6, 1940, this board caused notice to be published in a designated newspaper, stating that "Beginning Monday June 17, 1940, all barber-shops will comply with this law," and setting forth the prescribed hours and prices.   Other allegations were that the ordinance was unconstututional and void, for various reasons stated.   The petition was filed on June 10, 1940, and named as defendants the City Council of Augusta, the mayor, and the city board of barbers and its individual members.   The prayers were that the court "issue at once a restraining order against the enforcement of the rules as threatened in the public notice ordered above to begin on Monday, June 17, 1940.   Also that the court, after full hearing, issue its permanent injunction against said ordinance."   The petition was wholly silent as to any interference with the plaintiffs in the pursuit of their occupation, and as to any effort or intention by any person or official to enforce the ordinance, except publication of the foregoing notice stating that beginning on a certain date all barber-shops will comply with this law.   The court sustained a general demurrer to the petition, and dismissed the action.   The plaintiffs excepted.

Whether the ordinance be valid or invalid, the petition did not show such interference or threatened interference as to authorize the grant of an injunction, and was properly dismissed on demurrer as failing to state a cause of action.   *Howard* v. *Briarcliff Zo-*

*ological Corporation,* 178 *Ga.* 595 (173 S. E. 391); *Coker* v. *Atlanta,* 186 *Ga.* 473 (198 S. E. 74); *Powell* v. *Hartsfield,* 190 *Ga.* 839 (11 S. E. 2d, 33); *Anthony* v. *Atlanta,* 190 *Ga.* 841 (11 S. E. 2d, 197); *Cox* v. *Linder,* 191 *Ga.* 790 (14 S. E. 2d, 93).

> *Judgment affirmed. All the Justices concur.*