MOULTRIE MILK SHED INC. *v.* CITY OF CAIRO *et al.*

No. 16865. JANUARY 12, 1950.

350

*Edwin A. Carlisle, Bell & Baker, Gibson & DeLoache,* and
*Sam J. Gardner Jr.,* for plaintiff.

*George T. Smith,* for defendants.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ■ The defendants in error contend that the present action is in essence an attempt to enjoin criminal prosecutions, and cite many decisions of this court in support of the statement that equity will not interfere with the administration of criminal law. In *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320), and again in *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (13 S. E. 2d, 807), we undertook to put at rest all uncertainty as to the circumstances under which equity would enjoin a criminal prosecution. It was there pointed out that an exception to the general rule is when injury to property is

threatened, and when this is true, injunction will lie notwithstanding the fact that in the process a criminal prosecution is enjoined. The facts in the present case bring it squarely within that exception. It is alleged and admitted that the defendants threatened prosecution of all employees and agents of the petitioner for each and every sale or delivery of milk made within the city. There was also an allegation that, because of this expressed intention, the petitioner is unable to secure the necessary employees for the operation of its business. A plainer case of injury to property could hardly be shown.

There was much evidence touching on the question of profits resulting from the petitioner's business in Cairo. Counsel for the defendants in error contends that the judge was authorized to find that no profits were being realized. The threats of destruction of the petitioner's entire business render inapplicable the rule requiring proof of loss of profits, as stated in *Fleisher* v. *Duncan,* 195 *Ga.* 309 (24 S. E. 2d, 15), and *Wallace* v. *Atlanta,* 200 *Ga.* 749 (38 S. E. 2d, 596). Hence, we are not primarily concerned here with the size of the petitioner's profits, but we are concerned with the right of the petitioner to freely engage in a lawful business irrespective of profits.

It is also contended by the defendants in error that certiorari is the sole available remedy, and for that reason the petitioner was not entitled to equitable relief. In support of this contention the cases of *Calhoun, ex rel. Chapman* v. *Gulf Oil Corp.,* 189 *Ga.* 414 (5 S. E. 2d, 902), and *Ballard* v. *Carrollton,* 194 *Ga.* 489 (22 S. E. 2d, 81), are cited. As to the specific matters embraced in cases that are being reviewed by certiorari, the position of counsel is sound; but as to the injuries subsequent thereto resulting from the acts or threatened acts of the defendants, the petitioner is entitled to relief in equity. *Fairview Cemetery Co.* v. *Wood,* 164 *Ga.* 85 (137 S. E. 761). We therefore hold that a proper case for equitable relief is shown, provided it be held that the ordinance in question is void.

■ It may be reasonably questioned whether or not the City of Cairo under its charter has authority to adopt by reference a document not immediately before the council as a valid ordinance, as was done here with respect to an ordinance of which the ordinance here in question is by express terms an amendment.

But in the view we take of the case a decision on the validity of the substance of the ordinance in question will be decisive. Since it is more important that the latter question be settled than the former, which is merely one of procedure, we assume for the purpose of this decision that the adoption procedure was valid, and proceed at once to a decision on the validity of its substance.

The city is given express authority by its charter to adopt ordinances to protect the public health. This authority enjoins upon the city a duty to adopt such ordinances. To be effective and accomplish its purpose, an ordinance to protect against contaminated food must prevent its sale and consumption. It is too late after the consumer has become a victim of contaminated food to protect him. Prosecutions and penalties for the sale of such food are inadequate to protect the victimized consumer.

On the other hand, human dignity and individual freedom demand that one engaged in a lawful business injurious to no one must not be arbitrarily prevented from the legitimate prosecution of his business by city ordinances which set up trade barriers solely for the purpose of protecting a resident against proper competition. If free enterprise is to mean more than mere words, it must not become the victim of arbitrary and discriminatory legislation.

We have presented above a brief glimpse of the tremendous importance of the question this court is called upon to decide. Where shall the line marking the limit to which legislation to protect the public health may encroach upon freedom of the individual to engage in competitive and legitimate business be drawn? Our decision here will constitute a precedent; a yardstick by which future similar questions must be decided. If this city is held by this court to be justified in restricting the trade in milk as is here done, it would constitute a precedent requiring a holding by this court tomorrow that all other cities could lawfully, upon the theory of protecting the public health, exclude foods such as syrup and pickles produced in Cairo from the markets in other cities unless they were processed in a plant situated within the county in which such cities are located. The most destructive enemy to free enterprise and individual liberty comes dressed in attractive garments, and is covered with a sugar

coating in order that the victim will accept it unaware of its future destruction of his own freedom.

Similar ordinances have been held void in the following cases: La Franchi v. Santa Rosa, 8 Cal. 2d, 331 (65 Pac. 2d, 1301, 110 A. L. R. 639); State ex rel. Larsen v. Minneapolis, 190 Minn. 138 (251 N. W. 121); Sheffield Farms Co. v. Seaman 114 N. J. L. 455 (177 Atl. 373); Prescott v. Borger (Tex. Civ. App.), 158 S. W. 2d, 578. On the other hand, in principle, such an ordinance was upheld in Adams v. Milwaukee, 144 Wis. 371 (129 N. W. 518).

Our own court in *Wright* v. *Richmond County Dept. of Health,* 182 *Ga.* 651 (186 S. E. 815), upheld an ordinance prohibiting the sale of ice cream manufactured beyond a radius of 60 miles, upon the theory that it was a milk product, was human food, and was easily contaminated. We think that decision is distinguishable from the present case on its facts. It does not appear that the process referred to purported in any manner to purify the food and to free it from contamination, while here the process referred to is for the sole purpose of removing bacterial impurities from the milk. There, it did not appear that any tests beyond that of mere casual inspection were employed to discover impurities. Here, the tests are made by State officials, and are precisely the same irrespective of what inspector takes the sample, or the location of the milk when the sample is taken. Because of this difference in facts, that decision is no authority for upholding the ordinance here assailed.

The fact that the pasteurizing plant of the petitioner is located outside of Grady County has no reasonable relation to the matter of protecting the public health which would justify a classification of the petitioner different from that given another whose pasteurizing plant is located in Grady County. No valid basis for a different classification and discrimination between them as made by the ordinance exists, and there is a denial of equal protection which is guaranteed by both the State and Federal Constitutions.

In view of the evidence showing that the requirements of the ordinance would in no wise afford protection to the health of consumers, and the fact that the location of the pasteurizing plant has nothing whatever to do with the purity of milk, it is

unreasonable to require this petitioner to locate a plant within the County of Grady in order to be permitted to sell milk to the residents of the City of Cairo. It is commendable in a community to support local enterprise, but this must be done in free and open competition without aid from arbitrary and discriminatory legislation.

The ordinance is void for the reasons stated above, and the court erred in denying the interlocutory injunction. This ruling makes it unnecessary to rule upon the exceptions to the disallowance of evidence offered by the petitioner.

*Judgment reversed. All the Justices concur.*