CITY OF BAINBRIDGE *et al. v.* OLAN MILLS INC.

HAWKINS, Justice. 1. The general rule is that courts exercising equity jurisdiction will not enjoin criminal prosecutions. Code, § 55-102; *Corley* v. *City of Atlanta,* 181 *Ga.* 381 (182 S. E. 177), and the numerous cases there cited.

2. Equity is not a special or favored forum for determining the validity of municipal ordinances. Only under exceptional facts and circumstances may its powers be used to restrain criminal prosecutions, even though their defense may be burdensome and attended by inconvenience. The fact that the prosecution may be based on an invalid ordinance, and that repeated arrests and prosecutions may be instituted thereunder will not, in the absence of other circumstances, justify intervention of a court of equity changing the general rule. *City of Douglas* v. *South Georgia Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127); *Jewel Tea Co.* v. *City of Cartersville,* 185 *Ga.* 799 (196 S. E. 712); *Spur Distributing Co.* v. *Mayor & Council of Americus,* 190 *Ga.* 842, 846 (11 S. E. 2d, 30), and cases there cited.

3. This court has, in *Great Atlantic & Pacific Tea Co.* v. *City of Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320); *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (13 S. E. 2d, 807); *Braddy* v. *City of Macon,* 194 *Ga.* 871 (22 S. E. 2d, 801); *Moultrie Milk Shed Inc.* v. *City of Cairo,* 206 *Ga.* 348 (57 S. E. 2d, 199), recognized that the institution of criminal prosecutions against one's employees under an alleged invalid municipal ordinance, where the employer had no right to direct or control the employee in the defense thereof, or the grounds upon which a defense should be predicated, and where such prosecutions had the effect of destroying or irreparably damaging the business or property of the employer, presents such circumstances as would take the case without the general rule, and authorize the interference of a court of equity to prevent such irreparable injury or damage to the business or property of the employer, upon the theory that the plaintiff was without any remedy at law. But where, as in this case, the undisputed evidence shows that the employer knowingly and voluntarily instructed and directed its employee to deliberately violate an ordinance and have himself arrested, in order that the employer might test the validity of the ordinance, and the employee did knowingly and deliberately violate it and have himself arrested in accordance with the direction of the employer, and then appeared and testified as a witness for the employer on the trial of the case brought by the employer in a court of equity to enjoin the prosecution of its employee and attacking the validity of the ordinance —it will be conclusively presumed that the employer under such circumstances could have directed and controlled its employee in the

defense of such prosecution, and the grounds upon which the defense should be predicated. The employer having thus deliberately undertaken to test the validity of the ordinance by knowingly and voluntarily directing its employee to engage in the business which the ordinance prohibited, and having voluntarily and deliberately gotten itself into this predicament, it cannot now invoke the aid of equity to extricate itself therefrom. It can test the validity of the ordinance by having its employee defend the criminal prosecution in the courts having jurisdiction of criminal matters, and a court of equity will not invade their domain in behalf of the employer. *Paulk* v. *Mayor &c. of Sycamore,* 104 *Ga.* 24 (30 S. E. 417); *City of Atlanta* v. *Universal Film Exchanges Inc.,* 201 *Ga.* 463 (39 S. E. 2d, 882).

4. Applying the foregoing principles to the undisputed facts of this case, the trial court erred in granting a temporary injunction.

*Judgment reversed. All the Justices concur.*

No. 17330. FEBRUARY 13, 1951. REHEARING DENIED MARCH 14, 1951.

*Conger & Conger,* for plaintiffs in error.
*Custer & Kirbo* and *Joe Van Derveer,* contra.