## CARTER *v.* CITY COUNCIL OF AUGUSTA *et al.*

WYATT, Justice. I. H. Carter filed his petition in equity against the City Council of Augusta and the City Barber Board of Augusta, seeking to enjoin the enforcement of an ordinance and of certain rules of the Barber Board regulating the operation of barbershops in the City of Augusta. The trial court sustained a general demurrer to the petition, and the exception is to that judgment. *Held*:

The ordinance and the rules of the Barber Board here involved have been twice before this court (*Flint* v. *City Council of Augusta*, 192 *Ga.* 318, 14 S. E. 2d, 859; *Stephens* v. *City Council of Augusta*, 193 *Ga.* 815, 20 S. E. 2d, 80, where the provisions of the ordinance and the rules are sufficiently stated). In each of those cases, a judgment sustaining a general demurrer to the petition was affirmed, this court saying; "Whether the ordinance be valid or invalid, the petition did not show such interference or threatened interference as to authorize the grant of an injunction, and was properly dismissed on demurrer as failing to state a cause of action." *Flint* v. *City Council of Augusta*, supra. The only allegations in the instant case not controlled by the rulings in the two cases cited above, are the following: "That on June 5th, 1951, about 7 o'clock p.m., members of the Police Department of The City Council of Augusta, with force and arms, padlocked your petitioner's said place of business, ousted his customers from within said shop, and prevented other customers from entering into his said shop. The said police officers made no case against your petitioner, but threatened to repeatedly force and compel him to close his place of business at their bidding, all without any lawful authority. The said acts on the part of said policemen injured your petitioner's business, the good will of his customers, and deprived him and his employees from engaging in their lawful trade. Said police officers committed the acts as aforesaid all without any warrant or other lawful authority." The above-quoted allegations clearly state a case of "injury to property," and bring the case squarely under the ruling made in *Moultrie Milk Shed* v. *City of Cairo*, 206 *Ga.* 348 (57 S. E. 2d, 199), and cases there cited. The trouble here, however, is, the allegations above cited refer to persons not defendants in the case under consideration. The ordinance and rules here under consideration certainly give to the police authorities of the City of Augusta no authority to commit the acts alleged. The petition does not allege that any of the defendants instructed or requested the police authorities to commit the acts alleged. This being true, the instant case is controlled by *Flint* v. *City Council of Augusta*, supra, and *Stephens* v. *City Council of Augusta*, supra, and the judgment sustaining the general demurrer to the petition must be affirmed.

*Judgment affirmed. All the Justices concur.*

No. 17617. SUBMITTED OCTOBER 8, 1951—DECIDED NOVEMBER 15, 1951.

*Claud R. Caldwell*, for plaintiff.
*William P. Congdon*, for defendants.