18669.  BAKER *et al. v.* CITY OF ATLANTA *et al.*

HAWKINS, Justice.  H. R. Baker and fourteen other named persons filed in Fulton Superior Court a petition in their own behalf and in behalf of all others similarly situated, against the City of Atlanta, a municipal corporation, C. A. Page, F. H. Rainwater, and J. W. Van Hitch, composing the City Barber Board, in which it was alleged that plaintiffs were barbers, working in barber shops in the City of Atlanta, two of whom own and operate barber shops, and have property rights involved, and in which they sought to have the barbering ordinance of the City of Atlanta, known as sections 7.1 through 7.38 of the 1953 Code of the City of Atlanta, declared unconstitutional, null and void.  It was recited in the bill of exceptions that "F. R. Beard, one of the plaintiffs in the bill in equity originally, having been tried in the Municipal Court of the City of Atlanta, and also known as the Recorder's Court, and is, as a plaintiff, stricken by admission in judicio."  The prayers of the petition included one "that the City of Atlanta, its officers and agents, and the defendant members of the Barber Board be permanently enjoined from enforcing and attempting to enforce said ordinance."  The exception

here is to the judgment of the trial court sustaining the general demurrer of the defendants, based on the ground that the petition fails to set forth a cause of action against any of the defendants. *Held:*

1. The general rule is that "Courts of equity will not by injunction prevent the institution of prosecutions for criminal offenses, whether the same be violations of State statutes or municipal ordinances; nor will they, upon a petition for an injunction of this nature, inquire into the constitutionality of a legislative act, or the validity or reasonableness of an ordinance making penal the act or acts for the doing of which prosecutions are threatened." *Paulk* v. *Mayor &c. of Sycamore,* 104 *Ga.* 24 (1) (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128). See also *Powell* v. *Hartsfield,* 190 *Ga.* 839 (11 S. E. 2d 33).

2. "Equity is not a special or favored forum for determining the validity of municipal ordinances. Only under exceptional facts and circumstances may its powers be used to restrain criminal prosecutions, even though their defense may be burdensome and attended by inconvenience. The fact that the prosecution may be based on an invalid ordinance, and that repeated arrests and prosecutions may be instituted thereunder will not, in the absence of other circumstances, justify intervention of a court of equity changing the general rule." *City of Bainbridge* v. *Olan Mills,* 207 *Ga.* 636 (2) (63 S. E. 2d 655).

3. "It is well settled that a court may take judicial notice of its own records in the immediate case or proceedings before it." *Branch* v. *Branch,* 194 *Ga.* 575, 577 (22 S. E. 2d 124). And this court will take judicial cognizance of the fact that the case of *Beard* v. *City of Atlanta,* (ante, p. 25), is based on an exception to the refusal of the trial judge in the superior court to sanction and allow a petition for certiorari, in a case which was tried in the Municipal Court of Atlanta, wherein an attack is made upon the same ordinance of the City of Atlanta here involved, which has been transferred to the Court of Appeals for decision. Therefore, any of the remaining fourteen plaintiffs in the instant case, if called on to do so, can also test the validity of the ordinance by defending any criminal prosecution in the courts having jurisdiction of criminal matters, as Beard is doing in the aforementioned case. *City of Bainbridge* v. *Olan Mills,* 207 *Ga.* 636 (3), supra.

4. Applying the foregoing principles to the facts of this case, the trial court did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 14, 1954—DECIDED SEPTEMBER 14, 1954.

*F. L. Breen,* for plaintiffs in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Ralph C. Jenkins, Henry L. Bowden, Martin McFarland,* contra.