21074. JENKINS v. MANRY *et al.*

ARGUED NOVEMBER 14, 1960—DECIDED JANUARY 6, 1961.

*T. Milton Jones,* for plaintiff in error.

*Charles M. Evert, Lee R. Grogan, Eugene Cook, Attorney-General,* contra.

HEAD, Presiding Justice. ■ The demurrers of the defendants

assert that the petition does not state a cause of action; that the allegations are insufficient to state a cause of action for declaratory relief; and that the allegations are insufficient to state a cause of action for injunctive relief.

The decisions of this court through many years have not been consistent on the question of whether or not a court of equity will enjoin the enforcement of a statute or ordinance, alleged to be unconstitutional and void, regulating and licensing a legal business or profession, where the penalty for a violation of the statute or ordinance is a criminal prosecution. Some of these conflicting decisions, many of them by a divided court, are listed in *Corley v. City of Atlanta*, 181 Ga. 381 (182 S. E. 177). It has been held in a number of full-bench decisions that injunction is not the proper remedy in such cases. For example, see *City of Bainbridge v. Olan Mills*, 207 Ga. 636 (63 S. E. 2d 655); *Baker v. City of Atlanta*, 211 Ga. 34 (83 S. E. 2d 682). In the *Baker* case, supra, it is suggested that the remedy of the complainant to test the validity of the ordinance is to defend any criminal prosecution in the courts having jurisdiction of criminal matters.

The plaintiff, under the allegations of his petition, has not violated the statute which he seeks to have declared unconstitutional, and has not, therefore, made himself liable for the penal provisions of the statute. In the practice of his vocation of plumbing he has been requested to perform specified work, and he desires to perform this work and earn the compensation therefor. Should he be forced to violate the law which he thinks unconstitutional, and suffer a criminal prosecution, in order to test the validity of the law?

"The right to work and make a living is one of the highest rights possessed by any citizen. It may be abridged to the extent, and only to the extent, that is necessary reasonably to insure the public peace, safety, health, and like words of the police power." *Richardson v. Coker*, 188 Ga. 170, 175 (3 S. E. 2d 636). The purpose of the Declaratory Judgments Act is "to settle and afford relief from uncertainty and insecurity with the respect to rights, status and other legal relations. .. ." Ga. L. 1945, pp. 137, 139 (*Code Ann.* § 110-1111). An action for

declaratory judgment is available to test the validity of an alleged unconstitutional law, in order that a person desiring to practice his vocation may know whether he may proceed in disregard of the requirements of the law, or whether he must refuse to accept employment regulated by the law until he can comply with its provisions.

It is asserted that the act of 1937 (Ga. L. 1937, pp. 748-753), as amended, in its entirety, is repugnant to the due-process clauses of the State and Federal Constitutions, and to Art. I, Sec. I, Par. II of the Constitution of the State (*Code* § 2-102), which provides: "Protection to person and property is the paramount duty of government, and shall be impartial and complete." The detailed reasons given as to how and wherein the act offends these constitutional provisions may be condensed to the two contentions: (1) The act fails to prescribe the character, nature, and content of the examination, or how it is to be graded, and places it in the power of the examining board to examine an applicant upon matters foreign to the question of his ability to do safe and satisfactory work; the examining board is a partisan board composed partially of the plaintiff's local competitors and seeks to lessen competition by arbitrarily refusing to permit an applicant to pass the examination; and no provision is made in the act for an appeal from the actions of the board. (2) The act makes arbitrary and unjust discriminations between individuals and firms or corporations, in that it does not prohibit the doing of plumbing work, where the plumbing contract is held by a partnership or corporation, wholly by apprentices who have not passed the examination, but requires a plumber who does not work for a partnership or corporation to stand an examination and obtain a certificate, regardless of his experience or competency; and the act makes arbitrary and unjust discriminations between plumbers and steam fitters working for public-utility corporations and those not working for such corporations, in that it imposes the burden of an examination and license fee upon certain persons and exempts from these burdens others who are in the same class, pursuing the same business in the same way.

It is contended that the act is repugnant to Art. III, Sec. I,

Par. I of the Constitution of the State (*Code* § 2-1301), which provides: "The legislative power of the State shall be vested in a General Assembly which shall consist of a Senate and House of Representatives." It is asserted that the act operates as an improper delegation of legislative power by the General Assembly, in that it does not prescribe the character of the examination to be given by the board except that it shall be designed to test the "knowledge and skill" of the applicants, and leaves the nature and contents of the examination to the arbitrary discretion of the board, which can make the examination so difficult as to prevent a thoroughly competent applicant from making a passing grade; and that the act is an improper delegation of the legislative powers of the General Assembly, in that it does not prescribe what shall be considered satisfactory evidence, for the purpose of exempting an applicant from taking the examination, that he has skilfully engaged in the vocation for a period of five consecutive years prior to the time of application, so that the board may arbitrarily refuse to consider any evidence that might be presented by a thoroughly competent applicant, and may consider any spurious evidence of an applicant who has had no plumbing experience.

It is asserted that Sections 8, 9, and 12 of the act are unconstitutional. The same constitutional provisions heretofore stated are involved in the attacks on these sections. Most of the contentions made are the same as those in regard to the act in its entirety. Other contentions will be indicated by the rulings hereinafter made.

Sections 8 and 9 of the act provide: "Section 8. Examinations shall be made up by said board in such manner as to test the knowledge and skill of the applicants. . . Section 9. Within six months after the passage of this act, any person who shall apply to said board of examiners for a certificate authorizing him to engage in the vocation of a master plumber or master steam fitter, or journeyman plumber or journeyman steam fitter, who furnishes satisfactory evidence to said board that he has skilfully engaged in said vocation for a period of at least five consecutive years prior to the time of application, shall be issued a certificate authorizing him to engage in said business

.without the examination provided for in this act, provided, all such applicants shall pay to said board the fee prescribed for applicants for examinations for the classes designated."

Section 8 shows the legislative intent that the board of examiners shall give a fair examination to test the competency of applicants. The fact that an act might be administered in an arbitrary manner by those charged with its enforcement does not make the act itself unconstitutional. *Cutsinger v. City of Atlanta,* 142 Ga. 555 (2) (83 S. E. 263, L. R. A. 1915B 1097, Ann. Cas. 1916C 280); *Ingram v. State,* 193 Ga. 565, 568 (19 S. E. 2d 493). Even though an act granting power to license occupations may not make provision for an appeal, this will not prevent a citizen who has been wronged by an arbitrary or capricious exercise of the power from seeking aid from the courts to protect him from oppression, and the failure of the act to provide for a review does not make it unconstitutional. *Cutsinger v. City of Atlanta,* supra.

Counsel for the plaintiff relies on *Southeastern Electric Co. v. City of Atlanta,* 179 Ga. 514 (176 S. E. 400), wherein it was held that the petition stated a cause of action to enjoin the enforcement of an ordinance in regard to electrical installations. This is not a full-bench decision, Mr. Justice Gilbert having dissented. It may be that this dissent was based on the ground that the petition did not state a cause of action for injunctive relief, since the same Justice dissented on this ground in the somewhat similar case of *Gregory v. Quarles,* 172 Ga. 45 (157 S. E. 306). The statement of facts in *Southeastern Electric Co. v. City of Atlanta,* supra, sets out numerous grounds of attack on the ordinance, some of which are similar to those made on the statute involved in the present case. The decision of the court was stated in headnotes, and the only ruling on the validity of the ordinance was as follows: (headnote 2): "The ordinance is discriminatory and violative of art. 1, sec. 1, par. 2, and art. 1, sec. 1, par. 3 of the Constitution of 1877, and of the due-process and equal-protection clauses of the Federal Constitution." It thus appears that the only ruling made on the constitutional questions in the case was in regard to the discriminatory features of the ordinance in exempting certain classes of persons from

the examination provided. See *Lamons v. Yarbrough*, 206 Ga. 50, 58 (55 S. E. 2d 551).

It is not an improper delegation of legislative power to authorize an examining board to determine the nature and character of an examination which will determine the knowledge and competency of persons desiring to follow an occupation which affects the public welfare, or to prescribe what is satisfactory evidence that a person has skilfully engaged in the occupation for a period of five years prior to his application. Compare *Ga. Railroad v. Smith*, 70 Ga. 694; *Abbott v. Commissioners of Fulton County*, 160 Ga. 657, 664 (129 S. E. 38); *Ingram v. State*, 193 Ga. 565, supra; *Bedingfield v. Parkerson*, 212 Ga. 654 (2) 659 (94 S. E. 2d 714).

In *Cooper v. Rollins*, 152 Ga. 588, 593 (110 S. E. 726, 20 A. L. R. 1105), it was held: "'This act is not unconstitutional because its provisions do not apply to those who were engaged as barbers in this State at the date of its approval and who had been so engaged in this State for three years prior thereto. Dent v. West Va., 129 U. S. 114 (9 S. Ct. 231, 32 L. Ed. 623); Watson v. Maryland, 218 U. S. 173 (30 S. Ct. 644, 54 L. Ed. 987). 'Such exception proceeds upon the theory that those who have acceptably followed the profession in the community for a period of years may be assumed to have the qualifications which others are required to manifest as the result of an examination before a board of medical experts.' Watson v. Maryland, supra."

Sections 8 and 9 of the act of 1937 are not unconstitutional for any reason asserted.

Sections 11 and 12 provide: "Section 11. No person shall assume the title of, or perform any work in the counties coming within this act, as a master plumber or master steam fitter, journeyman plumber or journeyman steam fitter, unless and until he shall have received a certificate as provided for in this act. Section 12. No partnership or corporations shall have the right to engage in the business of plumbing or steam installation or repairing in counties coming within the provisions of this act, unless there is connected with such partnership or corporation a person or persons actually engaged in the per-

formance of said business, who holds a certificate issued to him as provided for in this act."

The provisions of section 12 are discriminatory against individuals not connected with a partnership or corporation, since the individual would not be allowed to engage in the plumbing or steam-fitting business without obtaining the certificate provided for by the act, whereas a partnership or corporation would have the right to engage in either of such businesses if one person holding such a certificate is connected with the partnership or corporation, whether or not that person is supervising the plumbing or steam-fitting work done. A city ordinance providing a similar discrimination between individuals and firms or corporations was held to be unconstitutional in *Henry v. Campbell*, 133 Ga. 882 (67 S. E. 390).

Section 16(a) of the act as amended (Ga. L. 1939, p. 356), has a proviso as follows: "The provisions of this act shall not apply to public utility corporations operating under the supervision of the George Public Service Commission."

In *Gregory v. Quarles*, 172 Ga. 45, 49, supra, in which an ordinance providing for the examination of plumbers in the City of Atlanta was held to be unconstitutional, it was stated: "The object of the ordinance and the cause which calls for exercise of the police power is protection of the public in the matter of health. For this purpose efficiency of the plumber is as material relatively to one subclassification as to the other, and the line of distinction between original work and repair work as related to health is not so substantial as will suffice as a basis for a subclassification that will impose the requirements of the ordinance on one class and exempt the other from its application. There should be some reasonable ground for such subclassification, some difference which bears a just and proper relation to the attempted subclassification . . . ; some reason connected with or growing out of that paramount cause (public health) relied on for justification of the ordinance."

There is no reasonable basis for requiring the examination and licensing of plumbers and steam fitters who are not employees of public-utility corporations, and exempting employees of public-utility corporations operating in the territory covered by the

act. This is an unjust discrimination between classes of persons, since the actions of one class in following the vocation of plumbing or steam fitting would affect the public health as materially as the actions of the other class.

By reason of the discriminatory provisions of section 12 and the proviso in section 16(a), the statute is unconstitutional and void, being in violation of the due-process clauses of the State and Federal Constitutions, and Art. I, Sec. I, Par. II (*Code* § 2-102) of the Constitution of the State. *Henry v. Campbell*, 133 Ga. 882, supra; *Gregory v. Quarles*, 172 Ga. 45, supra; *Southeastern Electric Co. v. City of Atlanta*, 179 Ga. 514, supra.

The petition stated a cause of action, and it was error to sustain the general demurrers thereto.

*Judgment reversed. All the Justices concur.*