22909. SHIRLEY v. CITY OF COMMERCE et al.

ARGUED APRIL 12, 1965—DECIDED MAY 6, 1965.

*John A. Darsey, Davis & Davidson, Jack S. Davidson,* for plaintiff in error.

*Wheeler, Robinson & Thompson, B. Carl Buice,* contra.

HEAD, Presiding Justice. It has long been the general rule that equity will not interfere in the administration of the criminal law. *Code* § 55-102; *Gault v. Wallis,* 53 Ga. 675 (4) ; *Phillips v. Mayor &c. of Stone Mountain,* 61 Ga. 386; *Pope v. Mayor &c. of Savannah,* 74 Ga. 365; *Hodges v. State Revenue Commission,* 183 Ga. 832 (190 SE 36) ; *Baker v. City of Atlanta,* 211 Ga. 34 (83 SE2d 682).

However, it has likewise long been recognized that there are exceptions to the general rule that equity will not interfere in criminal prosecutions. *City of Atlanta v. Gate City Gas Light Co.,* 71 Ga. 106. In *Moultrie Milk Shed Inc. v. City of Cairo,* 206 Ga. 348 (1) (57 SE2d 199), it is stated: "[E]quity has jurisdiction to protect property rights where employees refuse to serve because of threatened criminal action, and thereby the petitioner's business is destroyed." The same rule was applied by this court in *Great Atlantic & Pacific Tea Co. v. City of Columbus,* 189 Ga. 458 (6 SE2d 320) ; and *City of Albany v. Lippitt,* 191 Ga. 756 (13 SE2d 807).

The present case does not fall within the exception to the general rule. The petition does not show any interference with the petitioner's business in any form, nor with any of his employees, if any he has. Neither the petition nor the amendment alleges that any effort has been made, or will be made, to enforce the ordinance other than by prosecution in the mayor's court. The validity of the ordinance may be attacked in the mayor's court, and the decision, if adverse to the petitioner, may be reviewed in the manner provided by law. *Mayor &c. of Savannah v. Granger,* 145 Ga. 578 (89 SE 690) ; *City of Bainbridge v. Olan Mills Inc.,* 207 Ga. 636 (63 SE2d 655).

*Judgment affirmed. All the Justices concur.*