No. 63.—EARNEST COURTOY, plaintiff in error, *vs.* RICHMOND. DOZIER and JANE DOZIER, defendants.

[1.] A warrant for larceny being put in the hands of the Constable with directions from the prosecuting officer to arrest the defendants, which he says he did, by notifying them that he had a warrant for them, and they submitted to the arrest; the officer accompanied them to their home, remained all night with them at their house, and went with them before the Magistrate the next day: *Held,* that this constituted an *arrest*, notwithstanding they were not actually deprived of their liberty, or personally guarded by the officer or any posse.

Trespass, in Dooly. Tried before Judge POWERS, April Term, 1856.

Richmond Dozier and his wife, Jane, brought their action of trespass against Earnest Courtoy for false imprisonment.

Upon the trial, plaintiffs offered in evidence the affidavit of the defendant, charging them with larceny, the warrant upon which they were arrested, and the proceedings before the Magistrates in the preliminary investigation had before them.

Also, the evidence of the arresting officer, ELIJAH CALHOUN, Constable, who testified, that he went to Perry, Houston County, and the Solicitor General told him to arrest the parties, which he did, defendant telling him also to do so; witness told Dozier he must go to Dooly County; he stated he would do so as soon as he could arrange his business in Perry; that Dozier was anxious to leave to come on home; he lived at Vienna; started about two hours by sun that evening; that they came on, and after night Dozier wished to stop and camp on the road, but witness persuaded him to go on; did not command him, but persuaded him, because they had nothing for themselves or their horses to eat; put in fresh horses, and Dozier and his wife drove on by themselves and left witness a long way behind; did not put any

one over them to guard them ; that witness, before the change of horses, had driven the wagon a short distance; it was 25 miles from Perry to Vienna ; the night was a little cool; it was in the latter part of October, 1854; witness came on to Vienna just before day; staid at Dozier's until morning; did not restrain in any way either of them ; they went where they pleased without being guarded, and had liberty to do so ; and they went before the Magistrates the evening next after they got home ; at Perry, stated to Dozier and wife that he had a warrant for their arrest. They were not restrained any way or guarded, but let go at liberty for five or six hours, and were anxious to return home, and intended to have done so, having completed their business.

The evidence here closed, and Counsel for defendant requested the Court to charge the Jury, " That when the officer had a warrant for the arrest of plaintiffs, and simply notifies plaintiffs that he has a warrant for their arrest; but suffers them, unguarded, to go about any where attending to their business, is matter for the Jury to consider whether it was such a duress as would entitle the plaintiff to recover in an action of trespass." This charge the Court refused to give, but did charge : " That if said officer with the warrant notified the plaintiffs he had a warrant for them, and came to arrest them, and they submitted to the arrest, and the officer went from Dooly County to Perry to make the arrest ; and having done so, went before a Justice of the Peace, it was such duress as entitled the plaintiff to recover and the Jury, had only to consider the amount of damages the plaintiffs sustain by such duress."

To which charge and refusal to charge, Counsel for defendant excepted.


THOMAS H. DAWSON, for plaintiff in error.

——————————, *contra.*

*By the Court.*—LUMPKIN, J delivering the opinion.

[1.] The Circuit Judge charged the Jury, that the facts proven in this case constituted an arrest. And we think he was right. Whether the Constable may not have been guilty of an escape in extending to the Doziers the liberty which he did, is another question.