## 20711. AMMONS *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

HAWKINS, Justice. Daniel Landers brought his petition against Central of Georgia Railway Company and others to enjoin the prosecution by the railway company of a condemnation proceeding to acquire a right of way across described land of the plaintiff, upon which land was located a portion of the residence occupied by the present plaintiff in error, Lula P. Ammons, as tenant of the plaintiff, and to enjoin the defendant from entering upon or interfering with the plaintiff's enjoyment of the same in any manner. To this petition the defendant railway company filed its answer and cross-bill, in which it made certain allegations with respect to the previous litigation between the parties; alleged that it had prosecuted

its condemnation proceeding against the plaintiff to a conclusion; had tendered to the plaintiff the amount of the award therein, which had been refused; and that it had paid the amount of the award into the registry of the court; that the plaintiff and a person who occupied a house located in part upon the premises had interfered with the company's servants and employees in the preparation for the construction of a track over the right of way, and prayed that the plaintiff, his agents, servants, tenants, and employees be temporarily restrained and permanently enjoined from in any wise interfering with the company's servants, agents, and employees in the construction of the spur track over said right of way, and necessary activities precedent thereto; and that the tenant, whose name was unknown and was therein referred to as Jane Doe, be served and made a party to said proceeding. Upon the presentation of this answer and cross-bill, the trial judge entered an order as follows:

"The foregoing amendment and cross-petition read and considered the same is allowed and ordered filed subject to objection and demurrer. Let the plaintiff, Daniel Landers, show cause on the 25 day of Sept. 1959 why the prayers of the cross-petition should not be granted. Pending the hearing and until the further order of this court, the plaintiff, Daniel Landers, his agents, servants, tenants and employees, each and all are enjoined and restrained as prayed. Let the tenant of Daniel Landers referred to in the petition be served with a copy of the amendment and cross-petition and let her show cause on the above stated date why she should not be made a party to this proceeding."

To this order Lula P. Ammons, the plaintiff's tenant, excepts upon the ground that it is contrary to law; that it is in effect a temporary injunction granted ex parte, for that it specifies no time and place (only a date) for a hearing to be had; that it calls upon the plaintiff in error to show cause only why she should not be made a party to the proceeding; that it enjoins and restrains the administration of the criminal laws; that it purports to accomplish by injunctive relief the dispossession and eviction of the plaintiff in error, and the placing in possession of the railway company with respect to the real property described; and was not authorized by the allegations and prayers of the pleadings upon which it was issued. *Held:*

1. This order, entered on September 2, 1959, which restrained the parties only pending a hearing to be held on September 25,

1959, a date fixed by the order, and until the further order of the court, was the mere grant of an ex parte restraining order in advance of the time set for the hearing of the application for temporary injunction, and is not reviewable. *Grizzel* v. *Grizzel,* 188 *Ga.* 418 (3 S. E. 2d 649).

2. It appears from the record in Case No. 20758, *Ammons* v. *Central of Georgia Railway Company,* which is now before this court, and of which we may take judicial cognizance (*Baker* v. *City of Atlanta,* 211 *Ga.* 34, 35 (3), 83 S. E. 2d 682), that, following the order here complained of, Lula P. Ammons voluntarily became a party to said proceeding by filing her answer to the railway company's cross-petition, and her cross-action against the railway company seeking injunctive relief, on September 18, 1959, and it is to the judgment of the trial court entered after a hearing thereon to which she excepts in that case. The question of whether the plaintiff in error was made a party to the proceeding without a hearing by the order here excepted to is therefore moot.

*Writ of error dismissed. All the Justices concur.*