### 20836. COLEMAN *v.* THE STATE.

MOBLEY, Justice. Pete Coleman was jointly indicted with Marion Buford Hooks in Washington Superior Court for rape, alleged to have been committed upon Mildred Dawson on August 4, 1959. To the indictment, the defendant Coleman filed general and special demurrers, which were overruled. He excepts to the overruling of his demurrers. The defendant Coleman was tried and convicted of rape, the jury fixing his punishment, minimum and maximum, at twenty years in the penitentiary. To a judgment overruling his motion for new trial on the general and eight special grounds, the defendant excepts. The defendant has abandoned the general grounds and special grounds 3, 5, and 6. *Held:*

1. Paragraphs 1, 2, 3, and 4 of the demurrers are to the following portion of the indictment: "The grand jurors selected . . . in the name and behalf of the citizens of Georgia charge and accuse Pete Coleman and Marion Buford Hooks of the county and State aforesaid with the offense of rape for that the said Pete Coleman and Marion Buford Hooks on the 4th day of August in the [year] of our Lord Nineteen Hundred and Fifty-nine in the county aforesaid did then and there, unlawfully and with force and arms, make an assault upon the person of one Mildred Dawson, and did strike, beat, and hold her, and did have carnal knowledge of and sexual intercourse with said

Mildred Dawson, a female, forcibly and against her will, contrary to the laws of said State, the good order, peace, and dignity thereof." These four paragraphs of the demurrer allege that the indictment does not charge any offense against the defendant under the law, and that the indictment illegally joins the offenses of rape and assault and battery in a single count without alleging that the offenses are parts of the same transaction. The allegation that the defendants "did have carnal knowledge of and sexual intercourse with said Mildred Dawson, a female, forcibly and against her will, contrary to the laws of said State . . ." charges rape in the terms and language of the Code section defining rape (Code § 26-1301), and is sufficiently technical and correct. *Pippin* v. *State*, 205 *Ga.* 316 (4) (53 S. E. 2d 482). While not necessary to properly charge the defendant with rape, it was not error to include in the indictment the words "did . . . make an assault upon the person of one Mildred Dawson, and did strike, beat, and hold her." "An assault, or assault and battery, is necessarily involved in every case of rape." *Sims* v. *State*, 203 *Ga.* 668, 670 (47 S. E. 2d 862), and cases cited. The indictment did not, as contended by the defendant, charge two or more separate offenses, but clearly charged as an element of the offense of rape and as tending to show that the defendant did have carnal knowledge of Mildred Dawson, forcibly and against her will, the commission of an assault and battery upon her.

2. Paragraphs 5-10 of the demurrer are to the two paragraphs of the indictment charging that Pete Coleman had been previously convicted of murder and sentenced to life imprisonment in the penitentiary of this State, and of assault with intent to rape and sentenced to not less than five and not more than ten years in the penitentiary. The demurrers contending that Code (Ann.) § 27-2511, which provides that, if a person who has been previously convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of confinement and labor for punishment of the offense for which he stands convicted, (1) is prejudicial as tending to place the defendant's character in issue, (2) deprives him under the State and Federal Constitutions of a fair and impartial trial by jury, and (3) provides that he will twice be

placed in jeopardy for the same offense, are all without merit. *Tribble* v. *State,* 168 *Ga.* 699 (1) (148 S. E. 593) ; *Kryder* v. *State,* 212 *Ga.* 272 (91 S. E. 2d 612) ; *Reid* v. *State,* 49 *Ga. App.* 429 (176 S. E. 100) ; McDonald *v.* Mass., 180 U. S. 311 (21 S. Ct. 389, 45 L. Ed. 542) ; Graham *v.* W. Va., 224 U. S. 616 (32 S. Ct. 583, 56 L. Ed. 917).

3. This court in *Tribble* v. *State,* 168 *Ga.* 699, 701 (4), supra, held that Code (Ann.) § 27-2511 was not repealed by the enactment of Code (Ann.) § 27-2501, nor by the passage of the indeterminate-sentence law. Code (Ann.) § 27-2502. Accordingly, the court properly overruled the demurrers attacking the indictment on these grounds.

4. There is no merit in the contention raised by demurrer that the second-offender statute (Code, Ann., § 27-2511) is not applicable in rape cases or other capital-felony cases. This court, in a well-reasoned opinion prepared by Justice Jenkins in *Winston* v. *State,* 186 *Ga.* 573 (198 S. E. 667, 118 A. L. R. 719), a capital-felony case, after a full discussion of the issues raised and citation of authority, held that Code (Ann.) § 27-2511 was applicable in capital-felony cases. He concluded as follows: " . . . if the jury in this case, under the law as it previously existed, should find a verdict of guilty without a recommendation to mercy, the death sentence would have to be imposed; if they should find a verdict of guilty with a recommendation to mercy, the punishment would be life imprisonment; and if they should find a verdict of guilty with a recommendation that the defendant be punished within the term of years prescribed by the robbery statute, and should also make a specific finding that the defendant had been previously convicted and sentenced as charged, a maximum sentence of twenty years would have to be imposed." The other grounds of the demurrer are without merit.

5. Special ground 1, complaining that the court read that portion of the indictment charging the defendant and Marion Buford Hooks with rape, and not immediately following but later, charged as to Pete Coleman the law as to second offenders, is obviously without merit. The charges were appropriately and correctly given.

6. Special ground 2 complains that the court erred in charging the following: "The defendants are presumed in law to be innocent of the charge until and unless the evidence satisfies your mind beyond a reasonable doubt as to their guilt." The

defendant admits that the charge is a correct abstract principle of law, but contends that the court erred in failing to charge that the allegations as to previous convictions must also be proved beyond a reasonable doubt. This ground is without merit. "It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case that some other correct and appropriate instruction was not given." *Grant* v. *State*, 152 *Ga.* 252 (1) (109 S. E. 502). See also *Burns* v. *State*, 188 *Ga.* 22 (2 S. E. 2d 627), and *Jester* v. *State*, 193 *Ga.* 202 (2) (17 S. E. 2d 736).

7. In special ground 4, the defendant complains that the charge quoted authorized the jury to convict upon the victim's evidence and the corroborating evidence considered along with the defendants' statements, without considering the testimony of six witnesses and certain physical evidence offered by the defendants. While the complete charge of the court is not included in this record, the charge, properly certified by the court, appears in the record of the companion case of *Hooks* v. *State*, post, of which this court may take judicial notice. *Baker* v. *City of Atlanta*, 211 *Ga.* 34, 35 (3) (83 S. E. 2d 682); *Ammons* v. *Central of Ga. Ry. Co.*, 215 *Ga.* 764 (2) (113 S. E. 2d 443). The record discloses that the portion of the charge excepted to is only a part of a sentence, and that it was given in connection with the court's charge that the jury cannot convict the defendants of rape upon the unsupported testimony of the female alleged to have been raped, but that her testimony must be corroborated by other evidence, independent of her own. The judge specifically charged in this connection that, "Before you would be authorized to convict the defendants there must be other evidence independent of the female's sufficient to connect the accused with the offense charged, and also all the evidence taken together must convince your mind beyond a reasonable doubt as to the guilt of the accused." The charge complained of, taken in context, is not subject to the objection made, because the court had explicitly charged, as shown above, that all the evidence taken together must convince the jury beyond a reasonable doubt as to the guilt of the accused before they would be authorized to convict him.

8. Special ground 7 complains of the charge that, if the jury found the defendant Pete Coleman guilty of rape and recom-

mended him to mercy and further found that he had been previously convicted of an offense and sentenced to confinement and labor in the penitentiary, it would fix his punishment at twenty years, the maximum punishment provided. The ruling (division 4) on the demurrers, alleging that the second-offense statute was not applicable in capital-felony cases, disposes of this ground. It is without merit.

9. The ruling on demurrers disposes of special ground 8, which complains of the admission in evidence of the record of previous convictions of the defendant Pete Coleman. The ground is without merit. It was not error to allege in the indictment two previous convictions of named offenses and the sentences to confinement in the penitentiary. Nor was it error to offer evidence in proof thereof, since Code (Ann.) § 27-2511 requires that, under such circumstances, the jury fix his punishment at the maximum period of time and labor prescribed for punishment of the offense for which he stands convicted.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 15, 1960—DECIDED APRIL 12, 1960.

*Irwin L. Evans, N. J. Smith, Emory L. Rowland, Larsen & Larsen,* for plaintiff in error.

*W. H. Lanier, Solicitor-General, Casey Thigpen, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.