25536. CLEMENTS v. THE STATE.

FRANKUM, Justice. 1. Evidence as to the time when and the place where arrested, the manner of the arrest, how the accused was armed, and whether he resisted, and all the circumstances connected with the arrest, are proper matters to be submitted to the jury to be weighed by them for what they are worth. *Wayne v. State,* 56 Ga. 114, 119 (5); *McClung v. State,* 206 Ga. 421, 423 (57 SE2d 559). Where, as in this case, the evidence showed that the accused when arrested had just driven an automobile into the parking lot of a motel; that upon being searched he was found to have a pistol tucked in his belt; that two other pistols were found on the seat of the automobile on which the accused had been sitting at the time of his arrest; and where other evidence was to the effect that two of the weapons resembled weapons seen by the victims of the robberies in the possession of the perpetrators of the crimes at the time they were committed, it was not error to admit the pistols in question in evidence over the objection that no connection between the weapons and the crimes had been established. Under all

the evidence and circumstances it was for the jury to determine the fact as to whether or not the weapons introduced in evidence were the same weapons used by the accused and his accomplices in perpetrating the robberies for which he was on trial. *Dill v. State,* 106 Ga. 683, 686 (32 SE 660); *Prather v. State,* 223 Ga. 721 (3) (157 SE2d 734).

2. Defendant contends that certain physical evidence seized at the time he was arrested was seized illegally because it was not seized as an incident to his arrest but was seized prior to the time he was actually placed under arrest. The evidence in this connection shows that the defendant drove an automobile into the parking lot of a motel in Hapeville, Georgia, and that immediately upon his stopping the same the police officers approached the automobile and took the defendant out of the car at gunpoint, and immediately thereafter searched the person of the defendant and the automobile, recovering the evidence sought by the defendant to be suppressed. An arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be. The defendant may voluntarily submit to being considered under arrest without any actual touching or show of force, and the arrest is complete. *Code* § 27-201; *Courtoy v. Dozier,* 20 Ga. 369; *Turney v. Rhodes,* 42 Ga. App. 104 (1) (155 SE 112); Black's Law Dictionary, 4th Edition, p. 140. The mere fact that the officer testifying with regard to these occurrences stated at one place in his testimony that after he had completed the search he "then placed him under arrest" does not alter the fact that the defendant was actually under arrest from the moment the police officers approached the automobile which he was driving and caused him to alight therefrom under the force and restraint of drawn guns. The search of the person of the defendant and of the automobile being made pursuant to that arrest and as an incident thereof was not an illegal search and the evidence seized in the course of such search was clearly admissible and the trial court did not err in refusing to suppress it.

3. The victims of the robberies for which the defendant was on trial, one of whom had been shot in the leg during the course thereof, testified that they recognized the defendant's voice, and they both identified two of the guns found in the possession of the defendant at the time of his arrest as

resembling the guns they observed in the hands of the robbers at the time the robberies were committed. One of these witnesses also identified the automobile which was used as the get-away automobile, and there was testimony that that automobile had been loaned to the defendants by a named person. Two witnesses testified that shortly after the time of the robbery the defendant was at the home of one of the witnesses in the company of three other men dividing up a large sum of money which consisted mainly of one-hundred-dollar bills, and that at that time they heard some conversation between the defendant and the others about a robbery and a gun discharging during the course thereof. The evidence showed that one of the victims lost to the robbers $13,000 which was mostly in one hundred dollar bills. The direct and circumstantial evidence was amply sufficient to support the verdict finding the defendant guilty on both counts of the indictment and the trial court did not err in overruling the defendant's motion for a new trial based solely on general grounds.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 9, 1969—DECIDED JANUARY 26, 1970.

*John Kirby, Andrew A. Smith,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Jack E. Mallard, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.