26254. STYNCHCOMBE v. CLEMENTS.

*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight,* for appellant.

*Kelly Brown, Walter M. Henritze, Jr.,* for appellee.

GRICE, Justice. For review here is a judgment granting a new trial to a petitioner in a habeas corpus proceeding because of a charge to the jury on the subject of alibi.

The petitioner, David Hugh Clements, filed his petition in the Superior Court of Fulton County against the respondent, Leroy Stynchcombe, as sheriff of that county, alleging insofar as necessary to recite here that his detention is illegal and is because of his conviction and sentence for the offense of robbery; that he appealed to this court, which affirmed his conviction in *Clements v. State,* 226 Ga. 66 (172 SE2d 600); and that his conviction and sentence were imposed in violation of the due process guaranty of the Fourteenth Amendment of the United States Constitution in that the trial court erroneously charged the jury as to alibi in stated particulars.

To this petition the respondent sheriff filed an answer which denied the essential allegations.

The judgment granting the petitioner a new trial is the basis of the appeal filed by the respondent.

1. The petitioner-appellee has moved to dismiss the appeal upon the ground that the period of approximately four months from the order granting the new trial until the filing in this court of the record of proceedings constituted a stale appeal. For support of this he contends that the respondent-appellant applied for and obtained three extensions of time to file a transcript of the evidence and proceedings, whereas in fact the trial judge thereafter certified that no evidence was admitted upon the habeas corpus trial.

This motion must be denied. From what appears from a subsequent certificate of the trial judge and later affidavits of the court

reporter and the assistant district attorney representing the respondent-appellant, this delay was not caused by the respondent-appellant. Rather, these documents show that the time elapsed due to the difficulty encountered in completing the record for the appeal. This involved the court reporter's efforts to locate his notes of the proceeding, which contained a stipulation of the parties made at the hearing. It also involved efforts to locate the attorney who represented the petitioner-appellee at the habeas corpus hearing so that he could agree as to the contents of the stipulation. In substance this stipulation was that since neither party introduced any evidence and since only arguments of counsel were heard, the court reporter would not be required to record the proceedings further. When it conclusively appeared that the notes and the attorney could not be located, the trial judge then validated the stipulation as to no evidence and hence no necessity for transcript.

2. We come now to a consideration of the appeal itself.

Due to denials in the pleadings and lack of evidence, as referred to in Division 1, some difficulty has been encountered in ascertaining what transpired upon the trial of the original case which was appealed to this court. *Clements v. State,* 226 Ga. 66, supra.

However, this court has held that it may take judicial cognizance of the contents of records in other cases on file in this court. *Baker v. City of Atlanta,* 211 Ga. 34, 35 (83 SE2d 682); *Ammons v. Central of Ga. R. Co.,* 215 Ga. 764, 766 (113 SE2d 443); *Coleman v. State,* 215 Ga. 865, 868 (114 SE2d 2).

From what is thus ascertainable, it is significant that no issue was made in the original case of *Clements v. State,* 226 Ga. 66, supra, as to the charge on alibi now made for the first time here.

Moreover, it appears that the charge given on alibi in *Clements v. State,* supra, was substantially the same as several which have recently been upheld by this court. In these decisions we held that such a charge does not have the effect of shifting the burden of proof to the defendant to prove alibi by the preponderance of the evidence.

It follows that the instant case is controlled adversely to the contentions of the petitioner-appellee by such decisions as *Young v. State,* 225 Ga. 255, 256 (167 SE2d 586); *Chaffin v. State,* 225 Ga. 602 (170 SE2d 426); *Shoemake v. Whitlock,* 226 Ga. 771 (177

SE2d 677); *Smith v. Smith,* 226 Ga. 748 (177 SE2d 230); *Thornton v. State,* 226 Ga. 837, 838 (178 SE2d 193); *Smith v. Hightower,* 227 Ga. 144.

The trial court in its judgment relied upon the decision of Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21 LE2d 415). However, it has been distinguished as to the charge given there. See in that connection, *Thornton v. State,* 226 Ga. 837, supra, and *Smith v. Hightower,* 227 Ga. 144, supra.

In our view it was error to hold that the charge on alibi was improper and to grant the new trial.

*Judgment reversed. All the Justices concur, except Felton, J., who concurs in the judgment only.*