### 46175.   BAIER v. THE STATE.

JORDAN, Presiding judge. This is an appeal from a conviction and sentence for burglary.

The accused was apprehended at approximately 3:11 a.m. on March 26, 1970, in an apartment complex where an alleged rape occurred, and while being held as a suspect for this offense, for which he now stands acquitted, he became a suspect for the burglary incident. About 11 or 11:30 a.m. a young woman in a nearby complex reported the discovery of an intruder in her apartment during the early morning hours, describing a person having physical characteristics similar to the accused. Using 2:35 a.m. as the known time when she and her great-aunt completed an inspection of the apartment and determined that apparently nothing had been disturbed, she fixed the time of discovery as about 15 minutes earlier. She had been in the bathroom and upon opening the door confronted the intruder face to face, stared at him for about 15 seconds, screamed at him to "get out of the house," and chased him as he ran from the apartment, disappearing into the night. Pursuant to her report of the incident an investigator brought three black and white photographs to her for identification, two of which depicted the accused, including one with a mustache added. The young woman tentatively identified the pictures of the accused as depicting the intruder, pointing out that the mustache was incorrectly drawn. The investigator testified that

she withheld positive identification until she could see the suspect in person.

Following this photographic identification the investigator asked the young woman to go to the county jail to identify the suspect. According to the investigator she was seated in the waiting room of the county jail, where there were a number of other persons, when a deputy sheriff brought the accused to the door and stopped, and the accused continued towards the investigator and sat down. The young woman then left the room. She made a positive courtroom identification, and also testified that while she was at the jail she would look at the door each time someone entered, and that when the accused entered she immediately recognized him as the intruder in her apartment.

The accused testified that he was told at the jail that the investigator wanted to talk to him, that the person accompanying him took him to the room and pointed to the investigator, who had talked to him twice previously, that the only other person in the room was the young woman, who sat for a few minutes and left, and that the investigator, upon being asked, told him he did not know who she was. He further testified that it was from this investigator at this time that he learned that his wife had hired a lawyer for him, that the investigator told him he had a right to have a lawyer with him before interrogation, and that he told the investigator he would not make a statement unless his lawyer was there.

The enumerations include assertions of error on the overruling of a motion to suppress the identification testimony based on Sixth and Fourteenth Amendment grounds. *Held:*

1. Applying the guidelines established by the Supreme Court of the United States, cited and discussed, infra, we are of the opinion that the pretrial identification procedures here used, i.e., an impermissibly suggestive photographic confrontation, followed by a suggestive in-person confrontation at a critical stage of the proceedings conducted without counsel, disclose an inextricably related identification process making it impossible to determine that the courtroom identification is untainted thereby and had an independent origin in the face-to-face confrontation by the eyewitness at the scene of the burglary. Ac-

cordingly, we think the trial judge erred in overruling the motion to suppress the identification testimony.

In United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), the Supreme Court ruled that the Sixth Amendment guarantee covers the right to counsel at a critical pre-trial confrontation where the results might well determine the fate of an accused and where the absence of counsel might derogate from his right to fair trial, and that courtroom identification by a witness to whom the accused was exhibited in the absence of counsel before trial must be excluded unless it can be established that the evidence had an independent origin or that the error in admitting the identification was harmless.

In Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), the Supreme Court applied the holding in the Wade case supra, and additionally stated a per se exclusionary rule to testimony which is the direct result of an exploitation of a primary illegality.

In Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199), the court had before it a case involving a confrontation of a single suspect before a seriously wounded person in a hospital room. In recognizing the confrontation there conducted as imperative, the court noted that the practice of showing suspects singly is widely condemned, and expressed the rule (p. 302) that a violation of due process of law in conducting a confrontation depends on the totality of the surrounding circumstances.

In Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247), the court reiterated the views expressed in the Stovall case supra, in a case invoving photographic identification, stating (p. 384) that "each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." While the court determined that the procedure there used may have in some respects fallen short of the ideal, it noted that the perpetrator was still at large, and that in the circumstances there was little chance the procedures used led to misidentifi-

cation of Simmons. Six photographs were used, and there was no evidence to show that the witness knew of the progress of the investigation, or that the investigators in any other way suggested which persons were under suspicion. This is decidedly different from the circumstances in the present case, where the suspect was already in custody for other reasons, and only three pictures were used, two of which depicted the suspect, and one which had been altered in a manner which might suggest that it depicted the suspect.

2. In view of the foregoing the remaining enumerations require no consideration.

*Judgment reversed. Quillian and Evans, JJ., concur.*
ARGUED JUNE 2, 1971—DECIDED JULY 9, 1971—
REHEARING DENIED JULY 26, 1971.

*Garland & Garland, Edward T. M. Garland, Robert G. Fierer,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Tony H. Hight,* for appellee.