## 47762. HOLCOMB v. THE STATE.

ARGUED JANUARY 3, 1973 — DECIDED
FEBRUARY 19, 1973.

*Joe Salem,* for appellant.
*Richard Bell, District Attorney,* for appellee.

DEEN, Judge. ■ The conviction of the defendant for robbery of a Kroger supermarket depends entirely upon the testimony of three eyewitnesses. Defendant's counsel moved to quash the in-court identification on the ground that it was tainted by prior and impermissible procedures including the following: (1) the witnesses were shown a group of photographs in which the pictures of other people appeared only once but the defendant was represented by two pictures, which suggested his identification to those questioned; (2) one of the pictures was a mug shot showing the prison number; (3) the witnesses in a body were allowed to look at the prisoner through a one-way mirror window in Huntsville, Alabama, for purposes of identification; (4) the witnesses

in a body saw the defendant in the office of the Governor of Alabama on an extradition hearing associated with this trial. The defendant's counsel several times requested that the hearing on the motion to suppress the in-court identification not be held in the presence of the jury, and the trial judge in each instance refused.

Faced with a choice between abandoning his motion or allowing the jury to hear damaging testimony regarding the extradition hearing and an Alabama habeas corpus action and in particular allowing to be introduced in evidence the various photographs, including the mug shot, the attorney chose the latter course. The result of this was that lengthy examinations were conducted in the presence of the jury on matters not directly involving the guilt or innocence of the accused but which informed them of two other hearings, with all the trouble and expense involved therein in another state, and also informed them of the fact that the defendant had a previous arrest record which was impermissible, irrelevant, and prejudicial. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). That this was error is indubitable, and the only remaining question is whether the defendant's counsel by proceeding with the motion in the jury's presence and introducing the photographs in evidence waived his right to object to the ruling. This is not a case where counsel needs first to cross examine a witness to decide whether or not he wishes to go into the question in mid-trial, nor is it a case where other evidence outside the identification by eyewitnesses strongly supported conviction. The motion was in writing and filed several days prior to the trial, and there was no reason not to go into it in the same manner that a motion to suppress evidence would be heard, for the same due process reasons. Counsel forced to conduct his motion to quash before the jury is frequently put in the position noticed by the Supreme Court in United States v. Wade, 388 U. S. 218, 240 (87 SC 1926, 18 LE2d 1149), "realizing that

possible unfairness at the line-up may be the sole means of attack upon the unequivocal courtroom identification, and having to probe in the dark in an attempt to discover and reveal unfairness, while bolstering the government witness' courtroom identification by bringing out and dwelling upon his prior identification." "Due process determinations should, in most cases, be conducted before a judge without the presence of the jury." Sera-Leyva v. United States, 409 F2d 160, 163.

While failure to excuse the jury during such examination may under some circumstances constitute harmless error (see Taylor v. United States, 414 F2d 1142) the record of the Alabama proceedings as it transpired could not but be prejudicial to the defendant's case. In so fundamental a right it cannot be said that the refusal of the trial judge to pass on the question at all unless he does so in the presence of the jury, and the election of the defendant to proceed in open court, constitute a waiver. Where the in-court identification has an independent origin, illegality in line-up procedures may constitute harmless error. *Carmichael v. State,* 228 Ga. 834 (1) (188 SE2d 495). The refusal to entertain the motion to quash outside the presence of the jury, especially when coupled with the photographic revelations thereby necessitated, constitutes reversible error. The fifth enumeration of error is well taken. The sixth, which is closely bound to it, is also meritorious. The in-court eyewitness identification is subject to the same impermissible and prejudicial techniques used in *Baier v. State,* 124 Ga. App. 334 (183 SE2d 622). The witnesses were shown a group of seven photographs, two of which pictured the defendant, one of those two being a mug shot showing a prison number. They were taken to Montgomery, Alabama, where they were permitted to view the defendant for the purpose of identification, not in a line-up but alone, and the identifications of the defendant in both Huntsville and Montgomery, Alabama, were conducted without

benefit of counsel. The danger of misidentification is increased where a group of photographs include multiple pictures of the defendant and single pictures of other possible suspects. Simmons v. United States, 390 U.S.377, 383 (88 SC 967, 19 LE2d 1247). The defendant should be represented by counsel at a post-indictment line-up. United States v. Wade, 388 U. S. 218, supra; Echols v. Caldwell, 334 FSupp. 1356; Rivers v. United States, 400 F2d 935. While each case in which these irregularities appear must be decided on its own merits (Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199); Simmons v. United States, 390 U. S. 377, supra), there is a great likelihood that prejudice will result, and the court should scrutinize the facts closely. The disparity between the descriptions of the robber prior to these identifications and the personal appearance of the defendant, added to the other facts, strongly indicate the possibility of harm as well as error. Therefore the trial court also erred in denying the motion to suppress.

■ Both the Supreme Court and Court of Appeals of this State are now firm that the charge "alibi as a defense should be established to the reasonable satisfaction of the jury but not necessarily beyond a reasonable doubt" in connection with instructions that if evidence as to alibi along with all the other evidence in the case raises a reasonable doubt the jury should acquit, does not place an unconstitutional burden on the defendant within the meaning of Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21 LE2d 415). See *Merneigh v. State,* 123 Ga. App. 485 (1) (181 SE2d 498) and the dissent of Judge Hall in *Tant v. State,* 123 Ga. App. 760, 764 (182 SE2d 502); *Lee v. Smith,* 227 Ga. 503 (181 SE2d 364); *Stynchcombe v. Clements,* 227 Ga. 244 (179 SE2d 917); *Smith v. Hightower,* 227 Ga. 144 (179 SE2d 242) and cits.

■ At the time of the robbery in DeKalb County, Georgia, the defendant lived and conducted a business in Huntsville, Alabama, 270 miles away. His contention,

supported by his sworn testimony and that of other witnesses, was that he had not been in Georgia on the day of the robbery, nor, for that matter, during the entire year. He resisted the Georgia arrest warrant which led to an extradition hearing before the Governor of Alabama. These facts do not, singly or in combination, justify instructions to the jury that flight may be taken into account as evidence of guilt.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*