## 48687. KNOX v. THE STATE.

EVANS, Judge. The defendant was convicted for the offenses of aggravated assault and carrying a pistol without a license. He was sentenced to serve 10 years for aggravated assault and 12 months for carrying a pistol without a license. His motion for new trial, as amended, was overruled. Defendant appeals. *Held:*

1. The victim of the assault testified that the defendant shot him; that before he was shot, he looked at the defendant from the distance of ten feet; that defendant was on one side of a car and victim was on the opposite side; that when victim lay on the ground after being shot, the defendant stood over him and victim looked at defendant from that vantage (disadvantage?) point. In court he identified defendant as the man who shot him.

Defendant urges that the identification was aided by an impermissible procedure when the policemen showed the victim one photograph — instead of several photographs — and that the arrest of defendant was because of this impermissible and illegal procedure and identification. The record fails to show that the victim ever identified the photograph as being one of the defendant; and further, photographs were excluded from evidence. In such circumstances, the cases of United States v. Wade, 388 U. S. 218 (4) (87 SC 1926, 18 LE2d 1149); Gilbert v. California, 388 U. S. 263 (4) (87 SC 1951, 18 LE2d 1178); Simmons v. United States, 390 U. S. 377 (1, a, b) (88 SC 967, 19 LE2d 1247); *Baier v. State,* 124 Ga. App. 334 (1) (183 SE2d 622); *Holcomb v. State,* 128 Ga. App. 238 (196 SE2d 330), are not applicable.

There is no merit in the complaint that the court erred in denying motion for mistrial and allowing in evidence the testimony of a witness regarding a photograph.

2. Defendant's complaint here that the court had granted him discovery of exculpatory statements as required by Brady v.

Maryland, 373 U. S. 83 (88 SC 1194, 10 LE2d 215), and the same was withheld from him by the district attorney, fails to show any error since the statement of the accused upon his arrest that he shot the victim while mad after the victim bumped his car is in no wise exculpatory, but entirely inculpatory. This enumeration of error is not meritorious.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED OCTOBER 4, 1973 — DECIDED NOVEMBER 7, 1973.

*Arrington & Rubin, S. Richard Rubin,* for appellant.

*Lewis R. Slaton, District Attorney, Raoul Lerow, Morris H. Rosenberg,* for appellee.