## A89A2048. HORTON v. THE STATE.
(392 SE2d 259)

BIRDSONG, Judge.

Horton appeals his conviction of possession of cocaine with intent to distribute. *Held*:

1. Horton enumerates as error the denial of his motions for a directed verdict and for a new trial because there was no evidence supporting his conviction that he possessed cocaine with the intention to distribute and also enumerates as error the trial court charging the jury he could be convicted of that offense when allegedly there was no evidence supporting the charge.

The evidence shows that three police officers were patrolling an area near some "crack houses" which they patrol regularly and usually arrest someone for dealing cocaine every third or fourth time they go there. They saw Horton standing about fifteen feet from a group of three or four men and women. When Horton saw the police approaching, he threw an object which landed a few feet away, went over to a bench, and sat down. One of the officers retrieved the object and found a matchbox containing five rocks of crack cocaine.

Horton was searched, and the police found a number of matches, a wallet, and the usual things one carries, but found no drugs, no contraband, no weapons, no drug trade paraphernalia, and apparently no money. The arresting officer testified the cocaine was of such a small quantity that he did not weigh it, but other witnesses testified that the cocaine weighed .7 grams and that the five rocks of crack cocaine weighed less than one/twenty-eighth of an ounce.

a. Horton's motion for a directed verdict contended that the evidence set out above was not sufficient to prove any intent to distribute and asked the trial court "to either grant a directed verdict or to find that the charge not be with the intent to distribute. . . ." Thus, the motion was for the trial court to direct a verdict of acquittal or to grant a directed verdict on the issue of intent to distribute and submit the case to the jury on the lesser included offense of possession of cocaine.

A directed verdict of acquittal is authorized only "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' as to the entire offense or to some particular count or offense. . . ." OCGA § 17-9-1 (a); see also *Taylor v. State*, 252 Ga. 125, 127 (312 SE2d 311). The intent to distribute can be proven by circumstantial as well as direct evidence (*Hunter v. State*, 190 Ga. App. 52, 54 (378 SE2d 338)), and this court will not reverse the denial of such a motion when "[w]e cannot say that there was 'no conflict in the evidence and the evidence . . . demand(ed) a verdict of acquittal.'" *Conger v. State*, 250 Ga. 867, 870 (301 SE2d 878). Accordingly, the trial court did not err by denying Horton's motion.

b. On the denial of Horton's motion for a new trial, the issue is similar, but the test is different.

When the jury is authorized to find the evidence, though circumstantial, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. *Jones v. State*, 165 Ga. App. 36, 38 (299 SE2d 576). In this regard, a conviction on circumstantial evidence is authorized if the "proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "Whether this burden has been met is a question for the jury. . . ." *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546). Moreover, while "'mere possession of contraband without more will not serve as the basis for a conviction for [possession of cocaine with intent to distribute]. . .'" (id.), the State's evidence consisted of more than evidence of mere possession. In this case, Horton had multiple rocks of crack cocaine and he was waiting in an area near several "crack houses" where ar-

rests for drug dealing were frequently made. To support the verdict, circumstantial evidence need only exclude reasonable hypotheses, not every inference or hypothesis except that of Horton's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence in a light most favorable to the verdict (*Watts v. State*, 186 Ga. App. 358 (366 SE2d 849)), we conclude that the jury rationally could have found from this circumstantial evidence that it excluded every reasonable hypothesis except that Horton possessed the cocaine with the intent to distribute. Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which "[a]ny rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of possession of cocaine with intent to distribute as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Walton v. State*, 194 Ga. App. 490 (\_\_ SE2d \_\_) (1990).

c. Under the circumstances, a charge to the jury on possession with the intent to distribute cocaine was authorized.

2. Horton also asserts that the trial court erroneously denied his motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) alleging the prosecutor exercised his jury strikes in a racially discriminatory manner. Although we have some question whether Horton made a prima facie showing of discrimination (see *Williams v. State*, 258 Ga. 80, 82 (365 SE2d 408) and *Aldridge v. State*, 258 Ga. 75, 76 (365 SE2d 111)), the record supports the trial court's decision that the prosecutor did not use his peremptory challenges in a racially discriminatory manner. *Lee v. State*, 258 Ga. 481, 482-483 (371 SE2d 389); *Henderson v. State*, 257 Ga. 434, 436 (360 SE2d 263). Not only were racially neutral reasons given for the exercise of the four challenges made against members of Horton's racial group, but the prosecutor did not use all of his challenges before accepting a jury with five black members. See *Mincey v. State*, 257 Ga. 500, 503 (360 SE2d 578). This enumeration of error is without merit.

3. Horton enumerates as error the admission in evidence over his objection of a photograph showing the area of the crime scene. The photograph was properly authenticated before it was admitted (see *McCoy v. State*, 190 Ga. App. 258, 262 (378 SE2d 888)), and decisions on admission of evidence are within the discretion of the trial judge which will not be reversed absent an abuse of discretion. *Palmer v. State*, 186 Ga. App. 892, 898-899 (369 SE2d 38). We find no such abuse, and further, the law favors admission of evidence. See *Whisnant v. State*, 178 Ga. App. 742 (344 SE2d 536).

4. Horton enumerates as error the trial court's refusal to give certain defense requests to charge. Review of the trial court's charge shows that, with one exception, the substance of the requested charges was given in legally sufficient and correct terminology. This is

all that is required since a defendant has no right to have the trial court charge in the exact language of his requests. *Ortiz v. State*, 188 Ga. App. 532 (374 SE2d 92); *Skinner v. State*, 188 Ga. App. 458 (373 SE2d 271); accord *Kelly v. State*, 241 Ga. 190 (243 SE2d 857).

The requested charge not given would have instructed the jurors not to surrender honestly held convictions merely to be congenial or to reach a verdict merely because of the opinions of other jurors. Horton cites no authority requiring this charge, and although this charge could be given without causing error and, in certain circumstances might be required, this plainly was not one of those cases. The transcript shows that the jury retired at 11:12 a.m. and returned with its verdict at 11:45 a.m. Under these circumstances, it cannot be persuasively argued that Horton was prejudiced by the failure to give this charge even if the failure to do so could possibly be construed as error.

5. Horton also contends the trial court erroneously charged on joint possession when it was not raised by the evidence and gave a burden shifting charge on inferences which could be drawn from circumstantial evidence. Since there was some evidence from which an issue of joint possession could arise, the trial court did not err by giving the charge. *Fredericks v. State*, 172 Ga. App. 379, 380 (323 SE2d 265).

Further the charge on inferences, that Horton alleges was burden shifting, merely defined circumstantial evidence. This charge did not create a *Sandstrom* issue since it did not instruct the jury that any inference or presumption existed, and the charge, considered as a whole, properly instructed the jury on their duties in considering the evidence. *Ward v. State*, 238 Ga. 367, 370-371 (233 SE2d 175). There was no error.

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 23, 1990 —
REHEARING DENIED MARCH 12, 1990 — 

*T. Lee Bishop, Jr.*, for appellant.
*Britt R. Priddy, District Attorney, L. Earl Jones, Johnnie Graham, Assistant District Attorneys*, for appellee.