## A00A2547. PLESS v. THE STATE.

(545 SE2d 340)

JOHNSON, Presiding Judge.

A jury found Ellis Pless guilty of theft by taking a motor vehicle. Pless appeals, contending the evidence was insufficient to support his conviction, the trial court erred in admitting three of the state's exhibits, and the trial court erred in denying his *Batson*[1] challenge. Because each of these enumerations of error lacks merit, we affirm Pless' conviction.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that a motorcycle was stolen from the victim's residence. The victim's neighbor testified that she saw a man driving a yellow and brown Ranchero earlier in the evening. The individual went fishing in front of the victim's property. About two hours later, the same man went into the victim's carport, removed the motorcycle, and put it in the back of the Ranchero.

The following morning the victim drove around town looking for a yellow and brown Ranchero. He located the car outside an apartment and called police. The motorcycle was found inside the apartment.

Pless told the police investigator the Ranchero belonged to a person he was living with, that he had borrowed it on the night of the theft, and that he had gone to the victim's house to fish. At trial, Pless admitted going to the victim's door that night, but claimed it was to get permission to fish. Pless also told the investigator that he bought the motorcycle from two juveniles for $100, but he was unable to provide a description of these juveniles.

On appeal, the evidence must be viewed in a light most favorable to support the jury's verdict and the appellant no longer enjoys the presumption of innocence; moreover, this court only determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[2] Although evidence that Pless possessed the motorcycle is not automatically sufficient for us to affirm his theft conviction, the

> absence of or unsatisfactory explanation of the possession of the [stolen] goods will support a conviction for theft by taking based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation.[3]

---

[1] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[2] *Kier v. State*, 247 Ga. App. 431 (1) (543 SE2d 801) (2000).

[3] (Citations and punctuation omitted.) *Gibson v. State*, 243 Ga. App. 610, 611 (1) (a) (533 SE2d 783) (2000); see also *Kier*, supra at 433.

As the evidence from the eyewitness conflicted with Pless' explanation, a jury question existed, and the evidence is sufficient to sustain Pless' conviction for the offense.[4]

2. Pless argues that the trial court erred in allowing three photographs into evidence because the state had not laid a proper foundation for the admission of the pictures. However, the record shows that the eyewitness to the theft identified two pictures as depicting the Ranchero she saw parked in the victim's driveway when the motorcycle was taken. She further identified the third picture as depicting the victim's motorcycle.

Before a photograph may be admitted into evidence, it must be authenticated by showing it is a fair and accurate representation of the scene depicted.[5] Any witness who is familiar with the scene depicted can authenticate the photograph; it is not necessary that the witness be the photographer or even that the witness be present when the photograph is taken.[6] Moreover, the quantum of evidence required to sufficiently identify the photograph is a matter within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion.[7]

Although the eyewitness did not specifically testify that the pictures were "fair and accurate representations of the scenes depicted," an adequate foundation was established through similar testimony. We find that this testimony substantially complies with the foundation requirements and that the trial court did not abuse its discretion in admitting the photographs into evidence.[8] Furthermore, the law favors admission of evidence.[9]

3. Pless contends the state violated *Batson v. Kentucky* by using three peremptory strikes against African-American prospective jurors. To prevail on his *Batson* challenge, Pless was required to prove that the state engaged in purposeful discrimination in the exercise of its peremptory strikes against the prospective jurors.[10] After argument by both parties, the trial court ruled that Pless did not meet his burden of showing that the state had acted with discriminatory intent. This ruling will be affirmed unless it is clearly erroneous.[11] And, having reviewed the record, we conclude that the trial court properly denied Pless' *Batson* motion because the state

---

[4] See *Gibson*, supra.

[5] See *Green v. State*, 219 Ga. App. 878, 880 (2) (467 SE2d 203) (1996).

[6] Id.

[7] See *Horton v. State*, 194 Ga. App. 797, 799 (3) (392 SE2d 259) (1990); *Turner v. State*, 181 Ga. App. 531 (353 SE2d 13) (1987).

[8] *Green*, supra.

[9] *Horton*, supra.

[10] *Alexander v. State*, 273 Ga. 311, 312-313 (2) (540 SE2d 196) (2001).

[11] *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996).

offered satisfactory race-neutral reasons for striking the jurors.

In one instance, the state exercised a peremptory strike against a prospective juror who had previously been terminated as a bailiff in the county where the case was being tried. The state was concerned that the prospective juror might harbor ill will due to his termination. The trial court did not err by accepting the state's reason for striking this juror because there was no discriminatory intent inherent in the state's explanation and it was not so implausible as to render the explanation pretextual.[12]

The state struck another prospective juror because she had the same unique last name (Satterwhite) as a defendant who was in court that day awaiting trial. Because of the unusual last name, the state was concerned that the prospective juror might be related to a defendant whom the state was presently prosecuting. Again, the trial court did not err in accepting this reason for the strike since the explanation was neither inherently discriminatory nor implausibly pretextual.[13]

The state struck a third prospective juror because information from the sheriff, who knew the prospective juror, led the prosecutor to believe that the prospective juror had some emotional problems and had previously been arrested. Though the case against the prospective juror was dismissed, the prosecutor was concerned about the prospective juror's ability to be objective. The state "may rely on information and advice provided by others so long as this input is not predicated upon the race of the prospective juror."[14] The state's reasons for striking this juror were race-neutral reasons sufficient to justify the peremptory strike.

In none of the three instances was the trial court's *Batson* ruling clearly erroneous. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 1, 2001.

*William L. Jones*, for appellant.
*Peter J. Skandalakis, District Attorney, Nigel R. Lush, Assistant District Attorney*, for appellee.

---

[12] See *Pye v. State*, 269 Ga. 779, 780 (1) (505 SE2d 4) (1998).
[13] See id.
[14] (Citations and punctuation omitted.) Id.